[No. A106216. First Dist., Div. Four. Dec. 16, 2004.]

JOSEPH LEONARD NEUFELD, Plaintiff and Appellant, v.
STATE BOARD OF EQUALIZATION, Defendant and Respondent.

COUNSEL

Joseph Leonard Neufeld, in pro. per. for Plaintiff and Appellant.

Bill Lockyer, Attorney General, Randall P. Borcherding and Julian O. Standen, Deputy Attorneys General, for Defendant and Respondent.

OPINION

**KAY, P. J.—** ■ Revenue and Taxation Code section 19714 (hereafter section 19714) provides in pertinent part: "Whenever it appears to the State Board of Equalization or any court of record of this state that proceedings before it under this part have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceedings is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, a penalty in an amount not in excess of five thousand dollars ($5,000) shall be imposed. . . ." We hold that it is not a violation of constitutional rights of free speech for the State Board of Equalization to impose a penalty pursuant to this statute.

## BACKGROUND

Having determined that Joseph Leonard Neufeld received more than $111,000 in income, interest, and dividends he did not report, the California Franchise Tax Board (FTB) issued a proposed assessment of $12,558 in tax and penalties. Neufeld filed an administrative appeal against the FTB assessment with the State Board of Equalization (Board). He took the position that "the record lacks substantial evidence that I received taxable income" because the FTB was "relying on third-party hearsay for its information about my

alleged tax liability without giving me an opportunity to refute its unsubstantiated position." The Board upheld the assessment and imposed a "frivolous appeal penalty" of $1,000 pursuant to section 19714. The pertinent portions of the Board's decision are as follows:

"Appellant, a California resident, has not filed a 1999 California personal income tax return. . . . After appellant failed to file a return in response to a notice and demand, respondent [FTB] issued a Notice of Proposed Assessment (NPA) to appellant for 1999 for tax on the $111,697 of reported income, interest, a notice and demand penalty, a late filing penalty, and a filing enforcement fee. Appellant protested the NPA,[1] stating that it was incorrect because respondent had failed to show that he received taxable income. Appellant demanded 'a full and complete administrative hearing' on his protest, but apparently did not wish to have the administrative protest hearing offered by respondent, and none was held. After considering the protest, respondent issued a Notice of Action (NOA) affirming the NPA. The NOA included a warning that the Board could impose a frivolous appeal penalty of up to $5,000 when taxpayers proceed with frivolous cases. This appeal followed.

"Appellant contends that the proposed assessment should be dismissed, as respondent's evidence does not demonstrate that he received the taxable income included in the proposed assessment. . . . [¶] . . . [¶] . . . Respondent contends that its action should be sustained, as appellant has failed to meet his burden to prove error in its determinations, and the proposed assessment.

"Respondent's initial burden is to show why its assessment is reasonable and rational. (*Todd v. McColgan* (1949) 89 Cal.App.2d 509 [201 P.2d 414]; *Appeal of Michael E. Myers* 2001-SBE-001, May 31, 2001.)[2] Federal courts have held that the taxing agency need only introduce some evidence linking the taxpayer with the unreported income. [Citation.] Thereafter, respondent's determination of an assessment is presumed correct, and appellant has the burden of proving it to be wrong. (*Todd v. McColgan, supra; Appeal of Michael E. Myers, supra.*) Unsupported assertions are not sufficient to satisfy appellant's burden of proof. [Citation.] In the absence of . . . credible, competent, and relevant evidence showing error in respondent's determinations, they must be upheld. [Citation.] And, appellant's failure to produce evidence that is within his control gives rise to a presumption that such evidence is unfavorable to his case. [Citation.]

---

[1] The Board added a footnote observing that Neufeld had addressed his protest to "Franchise Tax Board, A Fictitious Entity."

[2] The Board dropped a footnote that its administrative decisions, what it called SBE cases, "can be viewed on our website (www.boe.ca.gov)."

"Respondent's use of income information reported by employers and other credible sources is reasonable and rational, thus respondent has met its initial burden, the proposed assessment is presumed correct, and the burden of proof shifts to appellant. (*Appeal of Michael E. Myers, supra.*) Appellant has not produced any substantial evidence tending to show error in the proposed assessment, or in any of respondent's underlying factual determinations, in particular respondent's determination of his 1999 income. Rather, appellant has repeatedly raised arguments that have been consistently rejected by both respondent, and this Board . . . . [3] This does not meet appellant's burden of proof . . . . [¶] . . . As to appellant's demand for 'a full and complete administrative hearing,' we observe that due process is satisfied with respect to tax matters so long as an opportunity is given to question the validity of a tax at some stage of the proceeding—which this appeal provides . . . ." (Fns. omitted.)

After sustaining the assessment, enforcement fee, and penalties specified by the FTB, the Board discussed why Neufeld would be assessed a penalty pursuant to section 19714:

"The NOA gave notice to appellant that a frivolous appeal penalty could be imposed if he proceeded with a frivolous case, yet he subsequently pursued this meritless appeal, making substantially the same arguments . . . which we have consistently rejected. [Citations.] Furthermore, appellant has yet to produce any substantial evidence to support his assertion that the proposed assessment is incorrect. And, appellant could possibly have resolved some or all of his concerns at protest, had he properly availed himself of respondent's protest process (including a protest hearing). Accordingly, we impose a $1,000 frivolous appeal penalty." (Fns. omitted.)

Neufeld then filed an action in superior court challenging the constitutionality of section 19714. In addition to praying the court declare that section 19714 abridged the First Amendment, Neufeld asked the court to invalidate the penalty imposed by the Board, and to enjoin the Board from further imposing "any penalty based solely upon the content, opinion or viewpoint expressed in personal income tax matters before [the Board]."

---

[3] At this point in its decision the Board cited a number of its administrative decisions dating back to 1980.

Both Neufeld and the Board moved for judgment on the pleadings. The trial court granted the Board's motion and denied Neufeld's. After judgment was entered, Neufeld moved to vacate it or, alternatively, for a new trial. The motion was denied, whereupon Neufeld perfected this timely appeal.[4]

## REVIEW

As he did in the trial court, Mr. Neufeld has chosen to represent himself on this appeal. He is willing to concede for purposes of this appeal that his appeal to the Board was frivolous. He makes this concession so as not to "cloud . . . a pure question of law"—is section 19714 unconstitutional because it impermissibly penalizes a taxpayer for asserting his or her right to free speech, as guaranteed by the United States and California Constitutions? Relying primarily upon the decision of the United States Supreme Court in *United States v. Playboy Entertainment Group, Inc.* (2000) 529 U.S. 803 [146 L.Ed.2d 865, 120 S.Ct. 1878], Neufeld argues section 19714 is a content-based restriction that is subject to strict scrutiny and cannot be upheld if there are less drastic alternatives which will advance the statutory objective.

There are no reported decisions construing section 19714. There is, however, a body of federal authority that may be consulted.

What is now section 19714 was added to the Revenue and Taxation Code as former section 19414 in 1980. (Stats. 1980, ch. 426, § 18, p. 888.) The Legislative Counsel's Digest for the bill described the purpose of the provision: "Existing federal law authorizes the United States Tax Court to award damages . . . to the United States whenever it appears that proceedings before the court have been instituted by the taxpayer merely for delay. [¶] This bill would provide the same authority to the State Board of Equalization with respect to state personal income tax proceedings." (Legis. Counsel's Dig., Assem. Bill No. 2990 (1979–1980 Reg. Sess.) 4 Stats. 1980, Summary Dig., p. 116.) The substance of the provision was renumbered and added as section 19714 in 1993. (Stats. 1993, ch. 31, § 26, p. 289.) The federal

---

[4] In addition to appealing from the judgment, Neufeld also purports to appeal from (1) the order denying his motion for judgment on the pleadings and granting the same motion by the Board; (2) the order denying his motion to vacate the judgment; and (3) the order denying his motion for a new trial. An order granting or denying a motion for judgment on the pleadings is not an appealable order because it is not final, but only a preliminary or interlocutory order. The proper appeal is from an actual judgment. (E.g., *Little v. Mountain View Dairies* (1950) 35 Cal.2d 232, 234 [217 P.2d 416]; *Fraser-Yamor Agency, Inc. v. County of Del Norte* (1977) 68 Cal.App.3d 201, 207 [137 Cal.Rptr. 118]; *Budrow v. Wheatcraft* (1953) 115 Cal.App.2d 517, 522 [252 P.2d 637].) Orders denying motions to vacate a judgment, or for a new trial, are also not appealable. (E.g., *Clemmer v. Hartford Insurance Co.* (1978) 22 Cal.3d 865, 871 [151 Cal.Rptr. 285, 587 P.2d 1098]; *Markley v. Beagle* (1967) 66 Cal.2d 951, 955 [59 Cal.Rptr. 809, 429 P.2d 129].) Because these purported appeals are unauthorized, they must be dismissed.

antecedent of section 19714 currently provides in pertinent part: "Whenever it appears to the Tax Court that [¶] (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, [¶] (B) the taxpayer's position in such position is frivolous or groundless, or [¶] (C) the taxpayer unreasonably failed to pursue available administrative remedies, [¶] the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000." (26 U.S.C. § 6673(a)(1).) In light of this genealogy, decisions construing the federal statute have considerable relevance to our task of determining whether section 19714 exceeds constitutional limits. (E.g., *No Oil, Inc. v. City of Los Angeles* (1974) 13 Cal.3d 68, 86, fn. 21 [118 Cal.Rptr. 34, 529 P.2d 66]; *Erlich v. Municipal Court* (1961) 55 Cal.2d 553, 558 [11 Cal.Rptr. 758, 360 P.2d 334]; *Holmes v. McColgan* (1941) 17 Cal.2d 426, 430 [110 P.2d 428].)

■ A number of federal cases, reasoning that a taxpayer has no constitutional right to bring frivolous lawsuits or groundless administrative proceedings, have held that the federal statute does not violate taxpayers' First Amendment right to petition for redress of grievances. (*Coleman v. C.I.R.* (7th Cir. 1986) 791 F.2d 68, 72; *Connor v. C.I.R.* (2d Cir. 1985) 770 F.2d 17, 19; *Larsen v. C.I.R.* (9th Cir. 1985) 765 F.2d 939, 941.) All of these decisions cite a Supreme Court decision involving the National Labor Relations Act: "Although it is not unlawful under the Act to prosecute a meritorious action, the same is not true of suits based on insubstantial claims—suits that lack . . . a 'reasonable basis.' Such suits are not within the scope of First Amendment protection: [¶] 'The first amendment interests involved in private litigation—compensation for violated rights and interests, the psychological benefits of vindication, public airing of disputed facts—are not advanced when the litigation is based on intentional falsehoods or on knowingly frivolous claims. Furthermore, since sham litigation by definition does not involve a bona fide grievance, it does not come within the first amendment right to petition.' [¶] Just as false statements are not immunized by the First Amendment right to freedom of speech [citations], baseless litigation is not immunized by the First Amendment right to petition." (*Bill Johnson's Restaurants, Inc. v. NLRB* (1983) 461 U.S. 731, 743 [76 L.Ed.2d 277, 103 S.Ct. 2161], fn. omitted; accord, *McDonald v. Smith* (1985) 472 U.S. 479, 484 [86 L.Ed.2d 384, 105 S.Ct. 2787].)

■ California takes the same view. Our courts are not obliged to provide a forum for litigation that has no objective chance of success. (E.g., Code Civ. Proc., § 391 et seq.; *Wolfgram v. Wells Fargo Bank* (1997) 53 Cal.App.4th 43, 57–58 [61 Cal.Rptr.2d 694], quoting *Bill Johnson's*

*Restaurants* [vexatious litigants]; Code Civ. Proc., § 425.16, *Schroeder v. Irvine City Council* (2002) 97 Cal.App.4th 174, 195 [118 Cal.Rptr.2d 330], quoting *Bill Johnson's Restaurants* [anti-SLAPP statute]; Code Civ. Proc., § 907, *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646–650 [183 Cal.Rptr. 508, 646 P.2d 179] [frivolous appeal sanctions].) Every practicing lawyer is aware of the risk of being ordered to pay "any reasonable expenses, including attorney's fees, incurred . . . as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 128.5, subd. (a); see *id.*, § 128.7.) California has a number of statutes similar to section 19714, authorizing financial sanctions for administrative or court actions that are "frivolous" or without foundation.[5]

■ The plain language of section 19714 demonstrates the broad scope of its operation. It applies to administrative and judicial proceedings that are "instituted or maintained . . . primarily for delay." It also applies to those instances where a taxpayer "failed to pursue available administrative remedies." It is not the content of the expression, but rather the *absence of content*, that is subject to the penalty. The Legislature was aiming at the taxpayer's *conduct*. Instituting or maintaining proceedings for delay, taking a position that is frivolous, i.e., that has no basis in fact or law, or not utilizing available administrative remedies are types of conduct. It is such conduct, not the expression of views, which may be penalized under section 19714. (See *Coleman v. C.I.R.*, *supra*, 791 F.2d 68, 71–72 [purpose of 26 U.S.C. § 6673 "is to compel taxpayers to think and conform their conduct to settled

---

[5] (E.g., Civ. Code, § 1947.15, subd. (h)(2) [landlord subject to rent control who files appeal of administrative decision may be assessed "reasonably incurred expenses, including attorney's fees" if appeal determined to be "frivolous or solely intended to cause unnecessary delay"]; Code Civ. Proc., § 1029.6 [health care provider sued for malpractice may move for posting of undertaking for security on ground that "the claim against the defendant is frivolous"]; Elec. Code, § 14030 [person suing to enforce California Voting Rights Act of 2001 shall not be assessed costs "unless the court finds the action to be frivolous, unreasonable, or without foundation"]; Food & Agr. Code, § 55722.5, subd. (f) [hearing officer deciding administrative complaint against licensed food processor may "award a sanction" of up to $1,000 "for filing a frivolous complaint . . . unreasonable delay tactics, bad faith bargaining, or resistance to the claim"]; Gov. Code, § 8670.51.1, subd. (e) [oil spill response administrator "may levy fines against frivolous claims" for compensation]; Gov. Code, § 11455.30 [person hearing claim under Administrative Procedure Act may impose sanctions for "bad faith actions or tactics that are frivolous or solely intended to cause unnecessary delay"]; Lab. Code, § 98.7, subd. (d)(1) [Labor Commissioner may sanction person for filing complaint that is "frivolous, unreasonable, groundless, and was brought in bad faith"]; Lab. Code, § 2692 [arbitrators of manufacturer-contractor dispute may impose all costs if arbitration panel determines "the matter brought before it was frivolous"]; Lab. Code, § 5813, subd. (a) [parties to worker's compensation dispute may be sanctioned "to pay any reasonable expenses, including attorney's fees and costs, incurred . . . as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay"].)

principles before they file tax returns and litigate . . . . [¶] . . . [¶] . . . to induce litigants to conform their *behavior* to the governing rules regardless of their subjective beliefs"]; *Hettig v. U.S.* (8th Cir. 1988) 845 F.2d 794, 795–796; *Bradley v. U.S.* (9th Cir. 1987) 817 F.2d 1400, 1404–1405; *Eicher v. United States* (1st Cir. 1985) 774 F.2d 27, 29.)[6]

 Section 19714 is plainly content neutral. It does not specify categories of expression that will be disallowed. (Cf. *United States v. Playboy Entertainment Group, Inc. supra*, 529 U.S. 803 [invalidating statute requiring scrambling of transmission signal from channels broadcasting "sexually explicit adult programming"].) It does not identify opinions that should not be uttered. (Cf. *FCC v. League of Women Voters of California* (1984) 468 U.S. 364 [82 L.Ed.2d 278, 104 S.Ct. 3106] [invalidating statute forbidding any noncommercial educational broadcasting receiving federal funds to "engage in editorializing"].) It does not aim at a distinct class of speakers. (Cf. *United States v. Playboy Entertainment Group, Inc., supra*, at p. 812 ["Not only does § 505 single out particular programming content for regulation, it also singles out particular programmers"]; *Simon & Schuster, Inc. v. Members of N. Y. State Crime Victims Bd.* (1991) 502 U.S. 105 [116 L.Ed.2d 476, 112 S.Ct. 501] [invalidating N.Y. law confiscating all monies earned by convicted felons from expressive materials based on crime]; *Keenan v. Superior Court* (2002) 27 Cal.4th 413 [117 Cal.Rptr.2d 1, 40 P.3d 718] [invalidating similar Cal. statute]; *Consolidated Edison Co. v. Public Serv. Comm'n* (1980) 447 U.S. 530 [65 L.Ed.2d 319, 100 S.Ct. 2326] [invalidating administrative order forbidding utility from inserting statements on public issues in monthly bills].) In short, "[t]he penalty in question here applies to any taxpayer adopting any frivolous position for any reason." (*Franklet v. United States* (N.D.Cal. 1984) 578 F.Supp. 1552, 1556, affd. (1985) 761 F.2d 529.)[7] As the trial court correctly observed, because it penalizes *conduct* that is outside First Amendment protection, section 19714 is not a content-based discrimination. (See *R. A. V. v. St. Paul* (1992) 505 U.S. 377, 387–388 [120 L.Ed.2d 305, 112 S.Ct. 2538].)

---

[6] Apart from *Coleman*, which also addresses the statute upon which section 19714 derives, the major focus of the cited decisions is the federal statute authorizing a penalty for filing a frivolous tax return (26 U.S.C. § 6702, subd. (a)(2)(A)), which, given the obvious commonalities with section 19714, is clearly analogous.

[7] This is another decision construing the federal statute penalizing a taxpayer for submitting a frivolous tax return. (See fn. 6, *ante*.)

The purported appeals from the orders are dismissed. (See fn. 4, *ante.*) The judgment is affirmed.

Reardon, J., and Rivera, J., concurred.

A petition for a rehearing was denied January 14, 2005, and appellant's petition for review by the Supreme Court was denied February 23, 2005.