Filed 11/5/13  Shokohi v. Wells Fargo Bank CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| EMIL SHOKOHI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>WELLS FARGO BANK, et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B247526<br>(Super. Ct. No. CV120199A)<br>(San Luis Obispo County) |

Emil Shokohi, proceeding in propria persona, purports to appeal from an order denying his motion for reconsideration after the trial court granted a motion for judgment on the pleadings filed by Wells Fargo Bank, N.A., and Aubrey Kachmarik, respondents.  "An order denying a motion for reconsideration . . . is not separately appealable."  (Code Civ. Proc., § 1008, subd. (g).)  "An order granting . . . a motion for judgment on the pleadings is [also] not an appealable order because it is not final, but only a preliminary or interlocutory order.  The proper appeal is from an actual judgment.  [Citations.]"  (*Neufeld v. State Bd. of Equalization* (2004) 124 Cal.App.4th 1471, 1476, fn. 4.)

The record contains no judgment; it contains only an order granting the motion for judgment on the pleadings and an order denying appellant's motion for reconsideration.  The superior court clerk has informed us that there is no judgment in

the case file.  The absence of a judgment is not fatal to the appeal.  "The merits of the appeal have been fully briefed by both parties and no prejudice to [respondents] would result from considering the merits.  Under these circumstances, '[t]o dismiss the appeal "merely to have a judgment formally entered below with a new appeal would be a useless waste of judicial and litigant time."  [Citation.]'  [Citation.]  Accordingly, we order the trial court to enter, nunc pro tunc as of the date of the order [denying appellant's motion for reconsideration], a judgment dismissing the action . . . , and we then construe the notice of appeal to refer to such judgment.  [Citation.]"  (*Donohue v. State of California* (1986) 178 Cal.App.3d 795, 800.)  We affirm.

*Factual and Procedural Background*

Appellant is 82 years old.  On April 4, 2012, he filed a complaint consisting of seven causes of action.  All of the causes of action arose out of an incident that occurred on April 7, 2010, when Wells Fargo employees detained appellant for over an hour after he had deposited a State of California check for $1,003.85.  Appellant alleged that the employees had falsely accused him of forging the check.

At a hearing conducted on November 14, 2012, the trial court granted respondents' motion for judgment on the pleadings.  The court concluded that, except for the fourth cause of action for intentional infliction of emotional distress, all of the causes of action were barred by a one year statute of limitations.  As to the fourth cause of action, the court ruled that appellant had failed to state a cause of action.

In his motion for reconsideration, appellant argued that the statute of limitations was tolled because in March 2009 he had suffered a head injury that "resulted in [his] disorientation with respect to time."  "As a direct result of [his] head injury . . . he could not remember . . . to file his action [within the] time limit required by law."  In support of the motion, appellant attached medical records for the injury and declared that, "[o]n or about" November 10, 2012, he "was able to obtain" the records.  At that time his brother "reminded" him of the head injury.

2

The trial court denied the motion for reconsideration because (1) the facts relating to appellant's head injury and memory loss were known to him before the hearing on the motion for judgment on the pleadings; (2) as a matter of law, appellant's alleged disability (memory loss resulting from a head injury) cannot toll the statute of limitations; and (3) appellant's medical records "do not support the conclusion that [he] was disoriented from 2009 through the time of filing the complaint in 2012."

*Standard of Review*

" 'A motion for judgment on the pleadings . . . challenges the sufficiency of the plaintiff's cause of action and raises the legal issue . . . of whether the complaint states a cause of action.  [Citation.]'  [Citation.]"  (*Arce v. County of Los Angeles* (2012) 211 Cal.App.4th 1455, 1483, fn. 16.)  "We review the granting of a motion for judgment on the pleadings de novo to determine whether a cause of action has been stated, treating as true all properly pleaded material facts.  [Citation.]"  (*Soco West, Inc. v. California Environmental Protection Agency* (2013) 213 Cal.App.4th 1511, 1514.)

A party may move for reconsideration of an order "based upon new or different facts, circumstances, or law."  (Code Civ. Proc., § 1008, subd. (a).)  "A trial court's ruling on a motion for reconsideration is reviewed under the abuse of discretion standard.  [Citation.]"  (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457.)

*Discussion*

Appellant contends that the trial court abused its discretion in not granting his motion for reconsideration because he presented new facts showing that he had suffered memory loss as a result of a head injury sustained in March 2009.  As a result of the memory loss, he did not file his complaint in a "timely manner."  "[H]is medical disabilities . . . served to toll the statute of limitations."

The trial court did not abuse its discretion.  "The party seeking reconsideration must provide not just new evidence or different facts, but a satisfactory explanation for the failure to produce it at an earlier time.  [Citation.]"  (*Glade v. Glade*, *supra*, 38 Cal.App.4th at p. 1457.)  The trial court reasonably concluded that the facts relating to

3

appellant's head injury and memory loss were known to him at the time of the hearing on the motion for judgment on the pleadings. The hearing occurred on November 14, 2012, four days after appellant's brother reminded him of the injury. The trial court noted that, in appellant's written opposition to the motion for judgment on the pleadings, he had "argued that the statute of limitations should be tolled as a result of his medical disability."[1] Appellant's written opposition was filed on November 2, 2012, 12 days before the hearing on the motion for judgment on the pleadings.

Furthermore, the trial court reasonably concluded that appellant's medical records "do not support the conclusion that [he] was disoriented from 2009 through the time of filing the complaint in 2012." The court pointed out that "Dr. Ramberg's March 2[6], 2009 discharge note . . . states that '[respondent] had some cognitive difficulties [when he was initially evaluated on March 23,2009], but those cleared rapidly . . . .' "

The trial court's final reason for denying the motion for reconsideration was that, as a matter of law, appellant's alleged disability (memory loss resulting from a head injury) cannot toll the statute of limitations. Appellant has not presented any legal analysis on this issue. We therefore presume that there was no error. " 'A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

### *Disposition*

The matter is remanded to the trial court with directions to enter, nunc pro tunc as of the date of the order denying appellant's motion for reconsideration (February 6, 2013), a judgment dismissing the action. The judgment is affirmed. Respondents

---

[1] Appellant stated: "Plaintiff also seeks leave to amend his complaint to allege his disability and incapacity, which served to toll the statute of limitations under Code of Civil Procedure section 352.1. He has been under medical disability."

4

shall recover their costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P.J.

PERREN, J.

5

Martin J. Tangeman, Judge

Superior Court County of San Luis Obispo

_____

Emil Shokohi, in pro per, Appellant.

Margaret M. Schneck, for Respondent.