Filed 10/14/14  Torres v. Blankenship CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARY LOU TORRES, | |
| Plaintiff and Appellant, | E057465 |
| v. | (Super.Ct.No. RIC496283) |
| MARK IRVIN BLANKENSHIP, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Mac R. Fisher, Judge.

Affirmed.

Mary Lou Torres, in pro. per., and Joel M. Murillo for Plaintiff and Appellant.

Eric M. Strong for Defendant and Respondent.

I

INTRODUCTION

Defendant Mark Irvin Blankenship was a California lawyer who resigned from the

State Bar with charges pending against him.  Beginning in October 2004, plaintiffs Mary

1

Lou Torres and her brother, Angel Torres,[1] had hired defendant to represent them and their children in several matters. Defendant did not disclose to them until March 2006 that he was being investigated by the State Bar and had been suspended in January 2006.

Plaintiffs filed a complaint against defendant for breach of contract and fraud. On the first day of trial, the trial court dismissed Angel for failure to appear (Code Civ. Proc., § 581, subd. (b)(1))[2] and granted defendant's oral motion for judgment on the pleadings (§ 438) against Mary Lou. The purported "judgment" prepared by defendant's counsel was not an appealable judgment. The trial court entered the actual judgment on September 14, 2012.

Plaintiff Mary Lou appeals, arguing the trial court applied the wrong statute of limitations and erred in finding that plaintiff had not pleaded fraud with sufficient specificity. She also argues she was denied due process because she was not given an adequate opportunity to respond to the oral motion for judgment on the pleadings or to amend her complaint. Defendant challenges the timeliness of the appeal and, of course, defends the trial court's rulings and judgment.

We hold the appeal is timely. As was determined by this court on April 17 and May 18, 2012, the "judgment" of December 15, 2011, was not an appealable judgment.

_____

[1] We use their first names for ease of reference. Angel and the children are not parties to this appeal.

[2] All statutory references are to the Code of Civil Procedure.

The appealable judgment was entered on September 14, 2012. On the merits, we hold the trial court applied the correct statute of limitations and properly granted the motion for judgment on the pleadings. We affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

Although it not part of the record on appeal, Mary Lou has attached to her opening brief a copy of a nonbinding arbitration award, dated March 2008, and denying her claims against defendant. The parties discussed the arbitration proceeding and award with the trial court. The parties also refer to the arbitration as part of the history of the case in their appellate briefs. Therefore, we will also consider it here to assist in a full understanding of the issues and arguments.

The arbitration panel of three made the following findings and award: "Ms. Torres contends that she paid Attorney Blankenship $26,000 to represent her in various legal matters. Ms. Torres paid Attorney Blankenship approximately $10,000 to represent her brother in a criminal case through preliminary hearing, which he did and that fee was earned. Ms. Torres lacks standing to pursue any fee dispute regarding those fees because she is not the client. The panel finds that Ms. Torres paid an additional $5,000 to Attorney Blankenship concerning allegations of criminal misconduct and continued harassment from the school officials. The harassment stopped with the help of Attorney Blankenship. The fee that was paid has been earned as it relates to that issue. Attorney Blankenship entered into another legal relationship for an immigration matter and the fee

3

of $2,000 was refunded to the client. There is no other credible evidence that any other fees were paid to Attorney Blankenship." The panel further found that Mary Lou had paid $5,000 for services rendered and was not entitled to any award of fees.

Plaintiffs filed the original complaint on March 24, 2008. In August 2008, plaintiffs filed an amended complaint for breach of contract, negligence, and fraud, seeking damages of $50,000. Plaintiffs alleged that they employed defendant in 2004, 2005, and 2006 to provide legal representation in a civil case, a criminal case, and "an education advocacy matter." Defendant did not disclose until March 24, 2006, that he was being investigated by the State Bar and had been suspended two months earlier on January 25, 2006. Plaintiffs paid defendant $26,000 and had to hire substitute counsel for $24,000.

In February 2009, defendant filed a general denial and affirmative defenses, including the statute of limitations. Various proceedings were conducted in the superior court between February 2009 and December 2011. In March 2011, the court set a date for a five-day jury trial in November 2011. The trial date was continued to December 2, 2011, when the trial court denied Mary Lou's ex parte application to continue the trial date again.

On December 5, 2011, the court dismissed Angel for failure to appear for trial. (§ 581.) Defendant then made a motion for judgment on the pleadings based on the one-year statute of limitations for an action against an attorney; the one-year limitations period expired in March 2007. (§§ 338, 340.6.) Defendant also argued the fraud cause of

4

action was not specifically pleaded and plaintiff had not attached a written contract or pleaded its terms. The trial court agreed the complaint was time-barred and granted the motion for judgment on the pleadings. The judgment, prepared by defendant's attorney, was filed on December 15, 2011.[3]

On February 6, 2012, plaintiff filed a notice of appeal (E055664) from the judgment of December 15, 2011. On April 17, 2012, this court issued an order stating that "the December 15, 2011, order is a judgment only as to plaintiff Angel Torres and that as to [Mary Lou] it is merely an order granting a motion for judgment on the pleadings and is therefore not an appealable order. (*Neufeld v. State Bd. of Equalization* (2004) 124 Cal.App.4th 1471, 1476, fn. 4.)" We dismissed the appeal without prejudice. On May 18, 2012, we repeated our order that there was no appealable judgment against plaintiff Mary Lou.

On July 19, 2012, plaintiff filed a motion to "correct clerical error in judgment nunc pro tunc."[4] Defendant filed opposition. On August 24, 2012, the trial court, following our determination, found that the so-called judgment of December 15, 2011, was only an order with respect to plaintiff Mary Lou. The trial court granted a motion to amend the judgment. A judgment in favor of defendant and against both plaintiffs was

---

[3] Contrary to plaintiff's assertion that the judgment was not signed by a judge, it was in fact signed by Kenneth G. Ziebarth, a retired judge sitting by assignment. (Cal. Const. art. VI, § 6.)

[4] The motion is not part of the appellate record.

5

entered on September 14, 2012. Plaintiff Mary Lou filed a notice of appeal on November 2, 2012.

## III

## MOTION FOR JUDGMENT ON THE PLEADINGS

Because this court previously twice held that the order of December 15, 2011, was not an appealable judgment, we will not revisit the issue a third time in this appeal. The appeal from the judgment of September 14, 2012, is timely. We also will not address the dismissal of Angel Torres, who is not party to this appeal, and whose dismissal is not the subject of Mary Lou's appeal. Angel Torres's minor children are also not parties to this appeal and any claims they may have against defendant are irrelevant. Finally, plaintiff offers no argument regarding the breach of contract cause of action.[5]

Instead, the only issue for us to resolve is the propriety of the trial court granting defendant's motion for judgment on the pleadings based on the one-year statute of limitations for attorney misconduct as it applies to plaintiff's cause of action for fraud. (§ 340.6.) The standard of review is the same as for reviewing the sustaining of a general demurrer. We accept as true the properly-pleaded allegations of the complaint—as well as any facts that may be judicially noticed—to determine whether a complaint states, or

---

[5] We disregard plaintiff's effort to address the breach of contract claim at oral argument. We also reject plaintiff's other arguments raised for the first time.

may be amended to state, a valid cause of action. (*Crowley v. Katleman* (1994) 8 Cal.4th 666, 672.)

Section 340.6 provides: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, . . ."

According to the allegations of the complaint, defendant provided legal representation to Mary Lou and her brother in 2004, 2005, and 2006 until defendant notified them on March 24, 2006, that he had been suspended from practice by the State Bar on January 25, 2006. Unless defendant committed "actual fraud," the one-year statute of limitations expired on March 24, 2007, and the complaint filed on March 24, 2008, was obviously time-barred. There is no authority whatsoever for plaintiff's argument that participating in a nonbinding arbitration—which concluded on March 20, 2008—somehow tolled the one-year statutory limitations period.

Claims of actual fraud are governed by a three-year statute of limitations. (§ 338, subd. (d).) However, where the gravamen of the claim is legal malpractice, the client cannot avoid application of section 340.6 by pleading alternative theories or by masking the legal malpractice claim as something else like breach of contract or breach of fiduciary duty: "In all cases other than actual fraud, whether the theory of liability is based on the breach of an oral or written contract, a tort, or a breach of a fiduciary duty,

7

the one-year statutory period applies." (*Levin v. Graham & James* (1995) 37 Cal.App.4th 798, 805; *Quintilliani v. Mannerino* (1998) 62 Cal.App.4th 54, 68.)

Plaintiff's fundamental claim here is that defendant engaged in malpractice because he could not practice law when he was under investigation and suspended by the State Bar. Plaintiff cites no authority that defendant's conduct constituted actual fraud instead of attorney misconduct. Negligent legal service is legal malpractice, not actual fraud. Defendant's inability to practice law while suspended was not actual fraud. Legal malpractice, as opposed to actual fraud, involves the failure to use ordinary skill, prudence, and diligence as lawyers commonly possess and exercise—something defendant could not do while he was suspended. (See *Quintilliani v. Mannerino, supra,* 62 Cal.App.4th at p. 64, citing *Neel v. Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 180.) An attorney fee dispute is usually not characterized as actual fraud. (*Levin v. Graham & James, supra,* 37 Cal.App.4th at p. 805.) Furthermore, breach of fiduciary duty based on defendant's nondisclosure of his suspension is also subject to the one-year limitations period. (See *Stoll v. Superior Court* (1992) 9 Cal.App.4th 1362, 1365-1369.)

In this case, defendant rendered legal services to plaintiff and her brother beginning in October 2004. Before he was suspended in January 2006, defendant provided legal representation for at least 15 months. Mary Lou's complaint seeks to

8

recover all the money paid to defendant in three cases.[6] For that reason, she participated in the arbitration involving attorney's fees for the performance of legal services. Fundamentally, this case involves Mary Lou's contention that defendant could not represent her for the two months after he had been suspended. In other words, defendant committed professional misconduct for which she seeks damages. Section 340.6 applies to Mary Lou's claims.

We summarily reject plaintiff's additional claims that she was deprived of due process because the trial court granted defendant's oral motion without giving plaintiff reasonable notice and an opportunity to be heard or to amend her complaint. Defendant's answer—including the affirmative defense of the statute of limitations—was filed in February 2009. Plaintiff had almost three years before December 5, 2011, to try to remedy the deficiencies in her complaint. On the day of trial, she did not ask leave to amend after the judgment on the pleadings was granted or explain how she could amend to avoid the limitations issue. On appeal, she also does not make an offer of proof to justify amending her complaint. Plaintiff's only argument in this respect is that she had 30 days after the date of the arbitration award to file a complaint. But any deadlines triggered by the arbitration award have nothing to do with the application of the one-year limitation period set forth in section 340.6.

---

[6] The record does not disclose whether the three cases, if any, were ongoing as of January 2006.

9

Whether a trial court should grant leave to amend depends on whether there is a reasonable possibility that the defect can be cured by amendment. (*Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1402.) The plaintiff carries the burden of demonstrating she can cure the pleading defect. (*Foundation for Taxpayer & Consumer Rights v. Nextel Communications, Inc.* (2006) 143 Cal.App.4th 131, 135.) Because plaintiff did not seek leave to amend her complaint below and has failed to meet her burden of demonstrating she could amend her complaint, we conclude the trial court did not abuse its discretion in denying leave to amend.

IV

DISPOSITION

The trial court properly granted the motion for judgment on the pleadings based on section 340.6. We affirm the judgment.

In the interests of justice, the parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

RICHLI
J.

10