Filed 2/18/15  Lei v. City of El Monte CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLES LEI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>CITY OF EL MONTE,<br><br>    Defendant and Respondent. | B252593<br><br>(Los Angeles County<br>Super. Ct. No. BC459537) |

_____

APPEAL from a judgment of the Superior Court of Los Angeles County, Barbara A. Meiers, Judge.  Affirmed.

Moon & Yang and Kane Moon for Plaintiff and Appellant.

Law Offices of Leech & Associates and D. Wayne Leech for Defendant and Respondent.

_____

Plaintiff Charles Lei, on behalf of himself and as assignee of Garvey Regency, LLC and Foolo Corporation, Inc., appeals from a "judgment of dismissal"[1] after the trial court granted the motion of defendant City of El Monte (the City) for judgment on the pleadings based upon Lei's failure to timely present a claim with the City as required under Government Code section 905 of the Government Claims Act (Gov. Code, § 810 et seq.).[2]  On appeal, Lei contends the trial court miscalculated the accrual date (§ 901) because the causes of action alleged in the second amended complaint did not accrue until the City affirmatively and wrongfully denied his request for a refund, and if calculated correctly from that date, the claim was timely presented to the City.  We conclude Lei has miscalculated the accrual date and cannot rely on the discovery rule to postpone accrual under the circumstances presented here.  Because Lei's claim was not timely, we affirm the judgment of dismissal.

---

[1]    The Notice of Appeal states the appeal is from a "[j]udgment of dismissal after an order sustaining a demurrer."  The trial court's order granted "Judgment on the Pleadings."  An order on a motion for judgment on the pleadings is not appealable; an appeal lies only from the judgment itself. *(Neufeld v. State Bd. of Equalization* (2004) 124 Cal.App.4th 1471, 1476, fn. 4.)  Here, however, the order states "the Motion for Judgment on the Pleadings is granted and the entire action is ordered dismissed."  The order is signed by the trial court.  A signed order of dismissal is an appealable judgment. (Code Civ. Proc., §§ 581d, 904.1, subd. (a)(1); *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 80-81, fn. 3.)

[2]    Unless indicated, all further statutory references are to the Government Code.  We adopt the California Supreme Court's practice of referring to the claims statutes as the "Government Claims Act."  (See *City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 734.)

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts*[3]

    a. *Development-Related Fees*

In or about March 2003, Lei, Garvey Regency, LLC, and Foolo Corporation, Inc. (collectively, the Developers) intended to develop real property in the City located at 10117-10127 Garvey Avenue (the Property). In May 2005, the Developers paid the City $267,391.95 in development-related fees. Two years later, in May 2007, they paid an additional fee of $72,218.65, and in July 2007, they paid additional permit fees of $45,290.97.

In or about 2008, the development project was canceled, and the Property changed ownership.

    b. *Developers Request Refund of Development-Related Fees*

In 2008, immediately after the project was canceled, the Developers (through Lei) requested a refund of the development-related fees paid to the City. Lei was informed by a representative of the City's engineering department that the Developers would receive a refund.

In February or March 2009, the Developers still had not received a refund, and Lei was instructed by a representative of the City's engineering department to submit a written letter seeking a refund. The Developers submitted a written request.

In April 2009, the Developers received a letter from the City indicating that $10,000 in fees paid was not refundable. The Developers, however, believed that the remainder of the development-related fees paid to the City would be refunded.

A year later, in April 2010, the Developers had yet to receive a refund. Lei again requested a refund, but the City did not respond to his request.

---

[3] We take the facts from the second amended complaint (*Ott v. Alfa-Laval Agri, Inc.* (1995) 31 Cal.App.4th 1439, 1448) and documents subject to judicial notice (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672).

3

c. *Claim for Damages Presented to the County of Los Angeles*

In December 2010, Lei presented a " 'Claim For Damages To Person Or Property' (Tort Claim) to the County of Los Angeles" (County) seeking a refund of approximately $339,610.60 in development-related fees.[4] On January 10, 2011, the County rejected the claim.

d. *Claim for Damages Presented to the City*

In January 2012, approximately one year after the County rejected Lei's claim, a City representative allegedly told the Developers that the County was not authorized to reject their claim against the City. Lei again asked the City for a refund of the development-related fees. The City refused the request.

On June 25, 2012, Lei alleges he submitted a written "Claim for Damages (Tort Claim)" with the City. The City clerk's office received the claim on July 3, 2012.[5]

On July 9, 2012, the City informed Lei's counsel that it took no action on the claim because it was untimely. Lei did not seek leave to file a late claim.

---

[4]    The record includes the claim presented to the County, dated December 9, 2010, and the letter from the County, dated January 10, 2011, acknowledging the claim filed on January 3, 2011.

[5]    We take judicial notice of the "fact" a document entitled "City of El Monte Claim for Damages," was presented and received by the City clerk's office on July 3, 2012. (See Evid. Code, § 452, subd. (c); *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1773, fn. 2 [taking judicial notice of entire State Board of Control file, including documents relating to plaintiff's Government Claims Act claim].) We do not, however, take judicial notice that the allegations in Lei's claim are true. (*Munoz*, at p. 1773, fn. 2.) We also take judicial notice of the fact the City clerk's file does not contain any document presented by Lei seeking leave to present a late claim. (A city employee familiar with the records searched the records and so declared.) (See *Fowler v. Howell* (1996) 42 Cal.App.4th 1746, 1752-1753 [taking judicial notice that the records of the State Board of Control do not contain a claim].) Lei contends the trial court sustained his objections to the City's request to take judicial notice of these facts. There is no order reflecting this ruling in the record.

4

2. *Proceedings*

Lei, on his behalf, and as assignee of Garvey Regency, LLC and Foolo Corporation, Inc., filed this action against the City, seeking to recover the development-related fees paid in connection with the project.

a. *Pleadings*

The initial complaint was filed on April 13, 2011, more than a year before Lei presented any claim to the City. Lei filed a first amended complaint on August 10, 2012, and by stipulation filed the second amended complaint. The second amended complaint alleged causes of action seeking a refund of the development-related fees paid to the City.

b. *Motion for Judgment on the Pleadings, Appeal*

The City moved for judgment on the pleadings on several grounds, including all of the causes of action alleged in the second amended complaint failed because Lei did not timely present a claim as required under the Government Claims Act.[6] In connection with the motion for judgment on the pleadings, the City argued Lei's claim was untimely presented because Lei should have presented his claim in 2008 when he verbally requested a refund of the development-related fees paid to the City. Alternatively, the City argued that Lei's causes of action accrued on December 9, 2010, when he presented a claim to the County.

Lei opposed the motion. He argued that his causes of action against the City did not accrue at the time of the initial request for refund, but in January 2012, when he was told for the first time by a City representative that the County could not reject his claim, and the City would not refund the development-related fees.

The trial court granted the City's motion for judgment on the pleadings and ordered dismissal of the second amended complaint. The trial court concluded Lei's causes of action against the City accrued no later than December 9, 2010 when he filed his claim with the wrong public entity. The court's written order states that in December

---

**6** Because we conclude that the motion for judgment on the pleadings was properly granted on the ground that Lei failed to timely file a claim, we do not address the other grounds raised in the motion.

2010, "plaintiff had enough knowledge to know a reasonable time for the City to act [on the refund request had] run to file a claim with the . . . County of LA."

This timely appeal followed.

DISCUSSION

1. *Standard of Review*

The standard of review for a motion for judgment on the pleadings is the same as that for a general demurrer. (*Dunn v. County of Santa Barbara* (2006) 135 Cal.App.4th 1281, 1298.) In both instances, our review is de novo and we exercise our independent judgment as to whether a cause of action has been stated as a matter of law. (*Moore v. Regents of University of California* (1990) 51 Cal.3d 120, 125.) The acts alleged in the pleading are deemed to be true, but contentions, deductions, and conclusions of law are not. (*Hill v. Roll Internat. Corp.* (2011) 195 Cal.App.4th 1295, 1300.) In addition to the complaint, we also may consider matters subject to judicial notice. (*Ibid.*) Facts that are subject to judicial notice are accepted as true over contrary allegations in the complaint. (*Ibid.*)

"Denial of leave to amend after granting a motion for judgment on the pleadings is reviewed for abuse of discretion. [Citation.]" (*Ott v. Alfa-Laval Agri, Inc.*, *supra*, 31 Cal.App.4th at p. 1448.) To show an abuse of discretion, Lei has the burden of demonstrating that "there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.]" (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) On this point, Lei concedes that if we conclude the claim was not timely presented to the City, he cannot amend to cure the defect.

2. *The Trial Court Properly Granted the City's Motion for Judgment on the Pleadings*

Lei contends that the second amended complaint alleges he timely presented a claim with the City because his causes of action did not accrue until January 2012, when the City affirmatively told him that he would not receive a refund, not December 2010 when he presented his claim to the County. This contention misconstrues the date of accrual of a cause of action.

6

a. *Accrual Under the Government Claims Act*

Under the Government Claims Act, a plaintiff may not maintain an action for money or damages against a public entity unless a written claim has been presented to the defendant and has been acted upon or has been deemed to have been rejected. (§§ 905, 945.4; *City of Stockton v. Superior Court*, *supra*, 42 Cal.4th at p. 738.) All of the causes of action alleged in the second amended complaint are subject to the claim filing requirement, as Lei seeks monetary relief, that is, recovery of the development-related fees paid to the City.

Claims for death or personal injury and injury to personal property or growing crops must be presented within six months after accrual; all other claims must be presented within a year. (§ 911.2, subd. (a).) "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit against that entity." (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1239.)

The Government Claims Act provides that "the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon. . . ." (§ 901.) "The general rule for defining the accrual of a cause of action sets the date as the time 'when, under the substantive law, the wrongful act is done,' or the wrongful result occurs, and the consequent 'liability arises.' [Citation.]" (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397.) "In other words, it sets the date as the time when the cause of action is complete with all of its elements [citations]." (*Ibid*.)

In prosecuting this action and presenting arguments on appeal, Lei appears to rely upon the discovery rule to postpone accrual. "The most important exception to [the] general rule regarding accrual of a cause of action is the 'discovery rule,' under which accrual is postponed until the plaintiff 'discovers, or has reason to discover, the cause of action.' [Citation.] Discovery of the cause of action occurs when the plaintiff 'has reason . . . to suspect a factual basis' for the action." (*Pooshs v. Philip Morris USA, Inc.*

7

(2011) 51 Cal.4th 788, 797, citing *Norgart v. Upjohn Co.*, *supra*, 21 Cal.4th at pp. 397, 398 & *Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110-1111.)  A cause of action accrues "when the plaintiff suspects or should suspect that [the] injury was caused by wrongdoing, that someone has done something wrong to her [or him]." (*Jolly*, at p. 1110.)  "[T]he limitations period begins once the plaintiff ' " 'has notice or information of circumstances to put a reasonable person *on inquiry*.' " ' " (*Id*. at pp. 1110-1111.)  The discovery rule is applied in unusual contract cases when the plaintiff is unable to see or appreciate that a breach has occurred.  (*William L. Lyon & Associates, Inc. v. Superior Court* (2012) 204 Cal.App.4th 1294, 1308-1309.)

        b.  *Accrual of the Causes of Action in the Second Amended Complaint Occurred More Than One Year Before Lei Presented a Claim to the City*

While Lei alleged that he knew the City would not grant his request for a refund in January 2012, he reasonably suspected he would not receive a refund in December 2010 when he filed a claim with the County.  His causes of action against the City, therefore, accrued at the latest on December 9, 2010.

Lei contends, however, that we should disregard the claim presented to the County because the County "was NOT authorized to breach the [implied] contract or refuse to refund the monies deposited to the City of El Monte (no privity)."  Although the County's rejection of Lei's claim is not pertinent to the accrual analysis, Lei's claim presentation to the County is dispositive of when he suspected wrongdoing.

Lei next appears to argue that his causes of action against the City did not accrue when he filed the claim with the County because the last element of his cause of action, that is, the City's breach of the implied agreement to refund the development-related fees, had not occurred until January 2012.  We reject this argument.  As of December 9, 2010, Lei had a suspicion that he would not receive a refund.  "So long as suspicion exists, it is clear that the plaintiff must go find the facts; she [or he] cannot wait for the facts to find her [or him]." (*Jolly v. Eli Lilly & Co.*, *supra*, 44 Cal.3d at p. 1111.)  Further, Lei overlooks that in April 2011, more than a year before he presented his claim to the City, he had more than a suspicion that he would not receive a refund because he filed this

8

action against the City to recover the development-related fees. Lei did not present a timely claim as required under the Government Claims Act to pursue this lawsuit against the City.

Lei offers no explanation as to why he mistakenly presented the claim to the wrong public entity, or why he did not seek relief from failing to timely present a claim with the City. (See *Spencer v. Merced County Office of Education* (1997) 59 Cal.App.4th 1429, 1432, 1435.) This is not a case in which there was any confusion as to the proper public entity; Lei had been attempting to obtain a refund of the development-related fees paid to the City since 2008.

Because Lei maintains his claim is timely, he has not presented any additional arguments for relief from the claim filing requirement. The failure to do so constitutes a forfeiture of the issue on appeal. (*Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.) As previously noted, Lei concedes that no amendment is possible if his claim is untimely. Thus, the trial court did not err in granting the motion for judgment on the pleadings.

DISPOSITION

The judgment of dismissal is affirmed.  The City of El Monte is entitled to costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KITCHING, Acting P. J.

LAVIN, J.*

---

*     Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.