Filed 1/15/21  Law Firm of Fox and Fox v. Arias CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE LAW FIRM OF FOX AND FOX,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>REBECCA ARIAS,<br><br>　　　Defendant and Appellant. | B301578<br><br>(Los Angeles County Super. Ct. No. BC590351) |

APPEAL from an order of the Superior Court of Los Angeles County, Terry Green, Judge.  Affirmed.

Rebecca Arias, in pro. per., for Defendant and Appellant.

The Law Firm of Fox and Fox, Frank O. Fox, for Plaintiff and Respondent.

––––––––––––––––––

Defendant and appellant Rebecca Arias appeals a September 10, 2019 post-judgment order denying her August 23, 2019 motion to vacate and proposed settled statement (Motion). Rebecca[1] filed her Motion after the court entered judgment in favor of plaintiff and respondent the Law Firm of Fox and Fox, a general partnership composed of Frank O. Fox and Claire S. Fox (the Fox firm).

Rebecca's briefing fails to demonstrate error through coherent argument, including citation to the record and supporting legal authority. Finding nothing in the briefs or the record to support Rebecca's request for reversal, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Most of the background information relevant to the current appeal was discussed in our prior nonpublished opinion, *Law Firm of Fox & Fox v. Arias*, Nov. 12, 2020, B294270 (*Fox I*), in which Rebecca unsuccessfully appealed the August 1, 2018 judgment. The following excerpt is taken verbatim from that opinion:

––––––––––––––––––

[1] Because different family members share the same last name, we will refer to individuals by their first names for ease of reference. No disrespect is intended.

Anthony Arias had three daughters, Rebecca, Lupe Kardoulias, and Antoinette Ovall. The family members have been involved in a number of lawsuits, both before and after Anthony's death in 2010. To provide context to Rebecca's arguments in the current appeal, we take judicial notice of the following nonpublished opinions issued by other divisions of this court: *Arias v. Kardoulias* (Dec. 14, 2011, B232363); *Arias v. Kardoulias* (*Estate of Arias*) (Dec. 21, 2017, B264101); and *Arias v. Kardoulias* (Aug. 8, 2018, B271724). (Evid. Code, § 452, subd. (d) [judicial notice may be taken of court records *Arias v. Kardoulias*]; Evid. Code, § 459; *Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1171, 1173 [court may take judicial notice of prior unpublished opinions in related appeals on its own motion].)

*Labor case*

Rebecca filed a wage claim against Anthony for housekeeping and personal care services, later amending her claim to name Lupe. The Labor Commission made an award for less than Rebecca's original claim. Rebecca appealed without counsel, and Division Three of this court affirmed in 2011, because the notice of appeal was filed one day too late. (*Arias v. Kardoulias, supra*, B232363.)

*Probate case*

After Anthony's death, his three daughters fought over administration of his estate. A number of separate actions were consolidated into a single proceeding with the primary issue being Anthony's capacity in December 2009, when he signed a will and grant deeds transferring three pieces of real property. (*Estate of Arias*, *supra*, B264101.) Rebecca hired the Fox firm to represent her in the proceeding, signing an initial retainer agreement in July 2010 and a subsequent agreement in November 2010. Antoinette also hired the Fox firm, signing a retainer agreement in October of 2010. The probate judge, Lesley C. Green, determined that Anthony had the requisite capacity when he executed the will and grant deeds at issue, that Rebecca failed to overcome the presumption of capacity, and Rebecca and Antoinette failed to prove undue influence. (*Estate of Arias*, *supra*, B264101.)

Rebecca appealed without counsel, and in December 2017, Division Three affirmed the probate court's decision, in part because the record on appeal was inadequate.

*Real property case*

Rebecca sued Lupe, asserting various claims in connection with the proceeds and sale of a parcel of real property in Mexico. The trial court granted Lupe's motion for summary judgment, holding that each of Rebecca's

4

claims were either time barred or barred by the doctrine of res judicata because they had been litigated previously during a 2008 case filed by Rebecca against Anthony and the family's trust. (*Arias v. Kardoulias*, *supra*, B271724.) In August 2018, Division Three affirmed the trial court's decision, reasoning that Rebecca had failed to carry her burden to affirmatively demonstrate error. (*Ibid.*)

*Collection case – Fox I, the prior appeal*

In 2015, the Fox firm sued Rebecca, Antoinette, and Antoinette's daughter Alyse[2] for payment under the retainer agreements in the probate case. Rebecca filed an answer, in which she asserted that her only form of income was SSI and she did not own the real property identified in the complaint. After appearing in pro per at a case management conference in December 2015, Rebecca failed to appear at subsequent court conferences. The case was continued a number of times until the July 9, 2018 trial date. On April 2, 2018, Rebecca was served by mail with notice of the July 9, 2018 trial date. On July 6, 2018, the Fox firm dismissed Alyse with prejudice.

A court trial was held on July 9, 2018. The only parties present for the trial were the Fox firm, represented by Frank O. Fox, and Antoinette, appearing in propria persona.

_____

[2] Alyse signed a retainer agreement with the Fox firm in April 2013 for representation in a case filed against her by Lupe's son, George Kardoulias.

5

Rebecca did not appear at trial.  The court awarded the Fox firm $15,158.00 and ordered the Fox firm to give notice and submit a proposed judgment.  On August 1, 2018, the court entered judgment against Rebecca and Antoinette and in favor of the Fox firm, for the amount awarded at trial.  According to the form judgment, Rebecca was properly served with notice of trial and did not appear, and no party requested a statement of decision.

This ends the excerpt from the prior opinion (*Fox I*, *supra*, B294270).  Rebecca appealed, seeking to reverse the August 1, 2018 judgment and to vacate an abstract filed at the recorder's office.  This court affirmed the judgment. (*Ibid.*)

*Post-judgment proceedings – current appeal*

According to the trial court's case summary and a May 6, 2019 minute order, Rebecca filed a proposed statement on appeal, which the trial court received and reviewed.  Based on Rebecca's filing, the trial court set a hearing for a Motion to Set Aside/Vacate Judgment and Settled Statement.  The Fox firm filed objections along with its own proposed settled statement.  On August 23, 2019, Rebecca filed a document titled "Answer to set aside/vacate judgment and settled statement hearing," which included a number of attachments, including prior court orders and medical records.

After a hearing on September 10, 2019, the trial court deemed the transcript of the proceeding to be the settled statement and denied Rebecca's Motion.

## DISCUSSION

An order denying a motion to vacate judgment is separately appealable as a post-judgment order. (Code Civ. Proc., § 904.1, subd. (a)(2); *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127.) Rebecca has timely appealed the September 10, 2019 order denying her Motion. However, nothing in her briefing persuades us that the court's decision was made in error. The bulk of Rebecca's arguments are identical to those made in Rebecca's earlier appeal of the judgment itself. In the portion of her opening brief labeled "Conclusion," Rebecca summarizes the relief she seeks on appeal. First, she wants this court to review the case using her proposed settled statement. Second, she asks for the August 1, 2018 judgment to be reversed, for the abstract of judgment to be vacated, and a satisfaction of judgment to issue. Last, she requests an order for each of the parties to bear their own court costs in this case and in the earlier probate case. Rebecca's briefing fails to establish that she is entitled to any such relief on appeal from the denial of a post-judgment order.

"Appealed judgments and orders are presumed correct, and error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)" (*Randall v.*

*Mousseau* (2016) 2 Cal.App.5th 929, 935.) "'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.]" (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United Grand*).) "[R]eview is limited to issues which have been adequately raised and briefed." (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 116.)

Rebecca's brief lacks headings for any points of argument, and her purported arguments are not supported by legal analysis and citations to the record that would point this court to any cognizable error. (Cal. Rules of Court, rule 8.204(a)(1)(B) [party's brief must "[s]tate each point under a separate heading or subheading . . . and support each point by argument and, if possible, by citation of authority"].) Although we may exercise our discretion to consider arguments for which we can discern a legal or factual basis in the briefs, no such basis is apparent. "'We are not obliged to make other arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.' [Citations.] We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.'

8

[Citation.]" (*United Grand, supra*, 36 Cal.App.5th at p. 153.)[3]

As far as we can discern from her brief, most of Rebecca's arguments concern longstanding grievances she has with Lupe and Antoinette, none of which are relevant to the current case. To the extent Rebecca attempts to argue that the trial court erred in denying her Motion, her argument lacks any legal or factual support.

Discerning no viable argument on appeal, we affirm the court's September 10, 2019 order.

## DISPOSITION

The post-judgment order entered September 10, 2019 is affirmed. Plaintiff and respondent the Law Firm of Fox and Fox, a general partnership composed of Frank O. Fox and Claire S. Fox, is awarded costs on appeal.


MOOR, J.


We concur:



RUBIN, P. J.                    BAKER, J.

---

[3] The Fox firm's brief also lacks any citations to the record or relevant legal authority.