Filed 6/15/17

# IN THE SUPREME COURT OF CALIFORNIA

STEVE RYAN,                                  )
                                             )
            Plaintiff and Appellant,         )
                                             )                    S232582
            v.                               )
                                             )              Ct.App. 1/4 A145465
MITCHELL ROSENFELD,                          )
                                             )            San Francisco County
            Defendant and Respondent.        )        Super. Ct. No. CGC10504983
_____      )


Section 663 of the Code of Civil Procedure allows an aggrieved party in a civil case to move the trial court to vacate its final judgment. The question in this case is whether an order denying one of those motions is appealable even if it raises issues that could have been litigated via an appeal of the judgment. We answered yes to this question over a century ago. (See *Bond v. United Railroads* (1911) 159 Cal. 270, 273 (*Bond*).) *Bond* held that the statute authorizing appeals of postjudgment orders covered denials of section 663 motions. The current version of that statute allows for the appeal of "an order made after a[n appealable] judgment." (Code Civ. Proc., § 904.1, subd. (a)(2).) Orders denying motions to vacate under section 663 fit that description, and this court has always interpreted the language currently found in section 904.1, subdivision (a)(2), to make appealable all section 663 denials. The Legislature has done nothing to undermine or overturn that interpretation despite enacting over a dozen other changes to this very statutory scheme. So the rule announced in *Bond* remains valid.

1

I.

Stephen Ryan sued his former business partner Mitchell Rosenfeld in 2010. Four years later, the trial court dismissed the action on the grounds that Ryan had abandoned the case. Two months after that, Ryan moved to vacate the judgment, claiming he was ill and hospitalized in Mexico when the judgment issued. The motion cited and quoted from section 663. The trial court denied the motion. Ryan later filed a notice of appeal for both the order dismissing the case and the order denying his motion to vacate the judgment. The Court of Appeal dismissed the appeal as untimely, observing that the deadline to appeal the order dismissing the case had passed. And though the appeal may have been timely as to the later order denying the motion to vacate, the court ruled that an order denying a section 663 motion "is not appealable." We granted Ryan's petition for review, asking the parties to brief this question: "Is the denial of a motion to vacate the judgment under Code of Civil Procedure section 663 separately appealable?"[1]

II.

To resolve this case we must analyze two sections of the Code of Civil Procedure. The first lists scenarios in which the judgment in a civil case "may, upon motion of the party aggrieved, be set aside and vacated." (§ 663.) The second provides that an appeal "may be taken from" "an order made after a judgment made appealable by paragraph (1)." (§ 904.1, subd. (a)(2).) The "paragraph (1)" referred to here provides that "a judgment" may be appealed so long as it is neither "an interlocutory judgment" (with certain exceptions listed

_____

[1] Rosenfeld has argued in this court that Ryan's motion to vacate was improper because the motion did not seek entry of a judgment different from the one that was entered. We do not address this question, which may bear on whether Ryan filed a proper section 663 motion. The Court of Appeal may address the question on remand.

2

later in the statute) nor "a judgment of contempt that is made final and conclusive by Section 1222." (*Id.*, subd. (a)(1).)

As with all questions of statutory interpretation, our fundamental task is to determine and effectuate the intended purpose of the statutory provisions at issue. (See *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332 ["In interpreting a statute, our primary goal is to determine and give effect to the underlying purpose of the law."].) Our analysis begins with the statutory text, which usually provides the best indicator of the relevant legislation's purpose. We generally assign statutory terms their ordinary meaning, while also considering the context — which includes related provisions and the overall structure of the statutory scheme — to further our understanding of the intended legislative purpose and guide our interpretation. (See *Nahrstedt v. Lakeside Village Condominium Assn.* (1994) 8 Cal.4th 361, 378 ["our primary task is to ascertain legislative intent, giving the words of the statute their ordinary meaning"]; *id.* at pp. 378-379 ["words . . . must be read in context, considering the nature and purpose of the statutory enactment"].)

Our opinion follows several earlier efforts by this court to resolve questions nearly identical to the one before us today. What complicates this case somewhat is the tension between one of those past efforts — in *Clemmer v. Hartford Insurance Company* (1978) 22 Cal.3d 865 (*Clemmer*) — and virtually all of our other holdings on this question. As early as 1911, this court ruled that "an order authorized by section 663 of the Code of Civil Procedure" "is clearly an appealable order." (*Bond*, *supra*, 159 Cal. at p. 273.) *Bond* pointed to two statutory provisions justifying this conclusion. First, we noted that "[b]y section 963 of the Code of Civil Procedure, an appeal may be taken from any special order made after final judgment." (*Ibid.*) We concluded that an order "denying the motion to vacate the judgment" pursuant to section 663 was an order "of that

3

kind." (*Ibid.*) Former section 963 was repealed and replaced in 1968 by section 904.1, which as amended continues to provide that an appeal "may be taken" "[f]rom an order made after a judgment" that was itself appealable. (§ 904.1, subd. (a)(2).) Then as now, the denial of a statutory motion to vacate a judgment is an "order made after a judgment" that was appealable.

*Bond* next noted that "[s]ection 663a of the Code of Civil Procedure declares that an order '*granting* such motion may be reviewed on appeal in the same manner as orders made on motions for a new trial.' " (*Bond*, *supra*, 159 Cal. at p. 273.) The quoted section 663a language has been reworded in two ways since the decision in *Bond*. Both changes were slight. First, the phrase "same manner as orders made on motions for a new trial" from the 1911 version is now "same manner as a special order made after a final judgment." (See § 663a, subd. (e).) Second, "such motion may be reviewed" from the 1911 version is now "a motion may be reviewed." (*Ibid.*) Neither of these changes affected the question decided in *Bond*. What we said about section 663a in 1911 remains true today. This statute "should not be construed so as to affect the right given by section 963 [now 904.1] to appeal from an order denying the motion, as from an order made after judgment." (*Bond*, 159 Cal. at p. 273.)

We reiterated *Bond*'s rule in the decades that followed. In 1927, for example, we held that there "should be no uncertainty": "an order denying a motion to vacate and to enter a different judgment is appealable as a special order made after final judgment." (*Delta Farms v. Chinese American Farms* (1927) 201 Cal. 201, 202 (*Delta Farms*).) Our opinion acknowledged "the obvious fact" that "the very same matters may be reviewed" in an appeal from the underlying judgment and in an appeal from a denied 663 motion. (*Delta Farms*, at p. 203.) But we declared that "our law gives a separate appeal from an order made by the court on the motion referred to in sections 663 and 663a." (*Ibid.*) We also

4

recognized what we described as a well-established, generally applicable rule: No appeal is possible where "an order refusing to vacate a judgment or order does not present any facts for consideration other than those which are presented upon appeal from the judgment itself." (*Id.* at p. 204.) But we held that this rule has "no application to the special motions authorized by section 663 of the Code of Civil Procedure." (*Ibid.*)

The language in *Bond* and *Delta Farms* is as clear as it is directly relevant to the issue before us here. We consistently affirmed the same interpretation, moreover, in the years that followed. (See, e.g., *Funk v. Campbell* (1940) 15 Cal.2d 250, 251 ["[a] specific and separate appeal from an order made on a motion under [section 663] is accorded the aggrieved party"]; *Winslow v. Harold G. Ferguson Corp.* (1944) 25 Cal.2d 274, 282 ["In those cases *where the law makes express provision for a motion to vacate* — as under sections 473, 473a and 663, 663a of the Code of Civil Procedure — an order denying such motion is regarded as a 'special order made after final judgment' and as such is appealable under section 963 . . . ."].) In *Funk*, a concurring opinion added that "it was the obvious intention of the legislature that an appeal should lie from an order granting or denying a motion to vacate a judgment made pursuant to sections 663 and 663a of the Code of Civil Procedure, regardless of whether the grounds upon which said motion is made existed before the entry of judgment and are available on an appeal from the judgment." (*Funk*, at p. 254 (conc. opn. of Carter, J.).)

The annals of our cases affirming the appealability of orders denying section 663 motions even includes a case dealing with a factual scenario quite analogous to Ryan's appeal. (See *Socol v. King* (1949) 34 Cal.2d 292.) Like Ryan, the losing party in *Socol* appealed both the underlying judgment and the later denial of a section 663 motion to vacate that judgment. Also like Ryan, the losing party filed both appeals together — past the deadline to appeal the

5

underlying judgment. We found the appeal of the underlying judgment untimely, but we also observed that the expiration of this deadline "does not . . . leave an appellant who has failed to take a timely appeal from the judgment completely remediless" because "an order of denial of a motion to vacate under section 663 is appealable, notwithstanding that the same grounds could be urged on an appeal from the judgment." (*Id.* at p. 296.) Section 663 provides a basis for vacating a judgment in a limited set of circumstances — some that overlap with issues that can be raised in an appeal, some that do not. The Legislature's authorization of appeals of special postjudgment orders allows appellate courts to review whether a case presents those circumstances. Some section 663 motions may raise issues that could have been raised in an appeal. But the statutory basis for section 663 motions has a different purpose relative to appeals, and the statutory limits on the scope of section 663 motions help ensure these motions are not used merely as a routine substitute to the normal appeal process. The opposing party in *Socol* had argued nonetheless that an order denying a section 663 motion was not a "special order made after final judgment," but we wrote that "he cites no cases and we have found none that supports this contention." (*Ibid.*) We thus held that the notice of appeal "was timely and valid" in relation to the denied section 663 motion. (*Id.* at p. 297.)

A few decades later, we again reiterated that "an order denying a motion to vacate made pursuant to Code of Civil Procedure section 663 has been held to be appealable." (*Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 663.) Just three years after that opinion, we decided *Clemmer*. This 1978 case arose from the killing of Hugh Clemmer by a former employee named Daniel Lovelace. (*Clemmer*, *supra*, 22 Cal.3d at p. 871.) Clemmer's family won a default judgment in a wrongful death action against Lovelace and then sued Lovelace's insurer the Hartford Insurance Company to recover the money. (*Ibid.*)

6

After the jury sided with the family, Hartford filed a motion for a new trial, a motion for judgment notwithstanding the verdict, and a motion to vacate under section 663. (*Id.* at p. 872.) The trial court denied the latter two motions, but it granted the motion for a new trial on a partial issue. (*Ibid.*) Hartford appealed the court's rulings on all three of the motions (the two that were denied in full, plus the motion for a new trial that was denied in part). Hartford argued on appeal that Lovelace's murder conviction collaterally estopped Clemmer's family from asserting that the murder was not willful (the insurance policy apparently did not cover willful homicides). We rejected this argument on the merits. (*Id.* at p. 877.)

*Clemmer* also referenced Hartford's section 663 motion. Our opinion said a grand total of three things about this motion. First, the opening paragraph listed the orders Hartford had appealed ("the orders of the trial court denying its motions (1) for judgment notwithstanding the verdict, (2) to set aside and vacate the judgment and enter a new and different judgment, and (3) for a new trial on all issues") and stated that Hartford's "appeal must be dismissed insofar as it purports to be from the latter two orders, such orders being nonappealable." (*Clemmer*, *supra*, 22 Cal.3d at p. 871.) Second, a section labeled "Other Contentions" observed that Hartford's "final argument — that it was entitled to have the judgment set aside and a new judgment entered pursuant to Code of Civil Procedure section 663 because the findings of the trial court compel a determination that plaintiffs are precluded from litigating the issue of willfulness — is but a reassertion of its collateral estoppel argument couched in procedural language, and we need not consider it further here." (*Id.* at p. 888.) And third, the opinion's "Conclusion" section stated that the "appeals from the orders denying the motion to set aside and vacate the judgment and enter a new and different judgment and the motion for a new trial on all issues must . . . be dismissed, said orders being nonappealable." (*Id.* at p. 890.) Our opinion provided no authority

7

for these statements, nor did the opinion explain why it deemed the section 663 order "nonappealable."

Perhaps because of these lacunae, *Clemmer*'s unexplained treatment of the section 663 order has — for years — puzzled observers. One Court of Appeal, for example, did its best to harmonize the discord in our jurisprudence by observing that "the precedential value of *Clemmer* is doubtful," since the opinion dealt with the section 663 order "without discussion of the established rule, and in a statement superfluous to the opinion." (*Howard v. Lufkin* (1988) 206 Cal.App.3d 297, 302.) Another opinion questioned *Clemmer*'s implications because the case "did not in terms purport to disapprove the consistent line of earlier cases." (*Forman v. Knapp Press* (1985), 173 Cal.App.3d 200, 202.) Nonjudicial authorities have similarly downplayed *Clemmer*'s treatment of the section 663 order in the case. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 200, p. 277 [listing *Clemmer* as "Contrary Dicta" and explaining that the opinion's disposition of the section 663 appeal "had no significant effect"]; 1 Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (2014), p. 2-123 ["*Clemmer* neither overruled nor, indeed, even mentioned the long line of precedent establishing the 'statutory motion exception,' and thus can be viewed as an 'anomaly' not affecting that precedent."]; 4 Cal. Jur. (3rd ed. 2015) Appellate Review, § 92 [noting that "the courts have repeatedly ruled" that orders denying section 663 motions "may be appealed from, notwithstanding that the same grounds could be urged on an appeal from the judgment"].)

Whatever else is true of *Clemmer*, what we hold is that it did not overrule our long-standing precedent. When this court departs from settled law, we seek to explain the reasons for that departure. When an opinion defies our precedent with no explanation, litigants and courts have no reliable way to discern whether that departure was an oversight. This is especially true for an opinion like *Clemmer*,

where the inconsistency with settled law was not a central issue in the case.  We thus treat *Clemmer*'s statement with more skepticism than we treat *Bond* and the other prior cases analyzing this statutory scheme in greater detail.  (See *McHugh v. Santa Monica Rent Control Bd.* (1989) 49 Cal.3d 348, 358 ["When, as here, a decision treats an issue in a 'summary and conclusory' manner, and is 'virtually devoid of reasoning,' its authoritative status is undermined."].)

Our conclusion that *Bond* and its progeny offer the most reasonable interpretation of this statutory scheme is also supported by decades of legislative inaction in response to those opinions.  Such acquiescence does not in all circumstances imply the Legislature's embrace of a particular holding or doctrine.  (See *People v. King* (1993) 5 Cal.4th 59, 75.)  But the question in this case implicates a "pattern of legislative inaction signaling acquiescence, as there exists 'both a well-developed body of law interpreting a statutory provision and numerous amendments to a statute without altering the interpreted provision.' " (*People v. Zambia* (2011) 51 Cal.4th 965, 976, quoting *Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1156.)  We observed 90 years ago that "it *seems definitely settled* that our law gives a separate appeal from an order made by the court on the motion referred to in sections 663" "notwithstanding the obvious fact that . . . the very same matters may be reviewed" in motions to vacate and in appeals of the underlying judgment.  (*Delta Farms*, *supra*, 201 Cal. at p. 203, italics added.)  That the Legislature has done nothing to question this "definitely settled" view, despite making over a dozen changes to this statutory scheme in the century since *Bond,* strengthens the basis for our conclusion.

A trip through the history of Code of Civil Procedure section 963 also bolsters the inference that the Legislature accepted the interpretation we articulated in *Bond*.  At the time *Bond* was decided, the statute made both grants and denials of motions for a new trial appealable.  Four years after *Bond*, section

9

963 was amended so that denials of these motions were no longer separately appealable. Section 663a was also amended at this time. Back when *Bond* was decided, that section allowed appeals of section 663 grants in the same "manner as orders made on motions for a new trial." But along with the amendment to section 963, section 663a was amended to allow an appeal in the "same manner as a special order made after a final judgment." This phrasing tracked the language *Bond* had relied on to hold that denials of section 663 motion are appealable. (See *Bond*, 159 Cal. at p. 273 ["By section 963 of the Code of Civil Procedure, an appeal may be taken from any special order made after final judgment."].) These parallel amendments to sections 963 and 663a add even more support to the inference that the Legislature approved *Bond*'s reading of the statutory scheme.

Rosenfeld nonetheless argues that we should change our view because "[t]ime has passed and the law has evolved," such that " '[t]his order' is no longer 'one of that kind,' as the *Bond* court called it." Rosenfeld's "no longer one of that kind" argument here is based in part on our opinion in *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644. *Lakin* ruled that orders denying attorney fees are appealable. (See *id.* at p. 649.) In analyzing this question, we observed that "not every postjudgment order that follows a final appeal judgment is appealable" because one of the "requirements" "a postjudgment order must satisfy" "[t]o be appealable" "is that the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment." (*Id.* at p. 651.) There was no question that the attorney fees order in *Lakin* met that requirement, since an "order denying attorney fees . . . plainly raises issues different from those arising from the judgment itself." (*Ibid.*) Rosenfeld argues that "[d]enials of motions to vacate judgments under 663 *generally* do not" meet this requirement, so *Lakin* bars Ryan's appeal.

10

Yet *Lakin*'s holding creates no such bar. The case addressed an order denying a motion for attorney fees. Although its analysis restated the general rule that postjudgment motions should not substitute for appeals of the final judgment, we had no reason to address the long-standing exception to this rule for *statutory* motions to vacate. Despite Rosenfeld's contention that *Lakin* silently overruled that exception, a statutory motion to vacate was not even at issue in *Lakin*. This court has continued to apply the exception in the years since *Lakin*. (See *People v. Totari* (2002) 28 Cal.4th 781, 886-887 [noting that "the 'no second appeal' rule loses its urgency" "[o]nce the Legislature . . . affords . . . a means to obtain relief by way of a *statutory* postjudgment motion to vacate"].) *Totari* held that criminal defendants can appeal orders denying motions to vacate the judgment. A previous opinion had deemed a similar order nonappealable, but we explained that the previous case involved a *nonstatutory* postjudgment motion to vacate, rather than a statutory one. (*Id.* at p. 887.) Though *Totari* was a criminal case, we confirmed that the same rule also applied to civil cases. (*See id.* at p. 888 fn.5.) *Totari* is our most recent case to address the appealability of orders denying motions to vacate — and it stated the correct rule.[2]

Rosenfeld contends otherwise by quoting our statement that " 'exceptions to the one final judgment rule should not be allowed unless clearly mandated.' " (*In re Baycol Cases I & II* (2011), 51 Cal.4th 751, 757.) This statement is true as

---

[2] This distinction between statutory and nonstatutory motions explains the difference between Ryan's case and the three cases Rosenfeld cites to argue that "the court's rulings have not been entirely consistent." (See *Southern Pac. R.R. Co. v. Willett* (1932) 216 Cal. 387, 390; *Title Ins. & Trust Co. v. California Dev. Co.* (1911) 159 Cal. 484, 487; *Kent v. Williams* (1905) 146 Cal. 3, 11.) None of those three cases referred to statutory motions, whereas *Bond*, *Delta Farms*, *Funk*, *Winslow*, *Socol*, and *Hollister* all affirmed the appealability of orders denying section 663 motions.

far as it goes — but does not get Rosenfeld far in this case. What we recognized in *Baycol* was that section 904.1 "codifies the common law one final judgment rule" and "lists various specific additional appealable orders that stand as exceptions to the general rule." (*Id.* at p. 756 & fn.3.) One of these specific exceptions is "an order made after a[n appealable] judgment." (§ 904.1, subd. (a)(2).) This is the "clearly mandated" " 'exception[] to the one final judgment rule' " (*Baycol*, at p. 757) that makes the trial court's order in this case appealable. The text and structure of section 904.1 show that the Legislature authorized appeals of all orders granting or denying section 663 motions — just as we long held. *Clemmer*'s suggestion to the contrary is overruled.[3]

---

[3]    We also disapprove the holdings of the following Court of Appeal cases to the extent they are inconsistent with this opinion: *Payne v. Rader* (2008) 167 Cal.App.4th 1569; *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813; *Neufeld v. State Bd. of Equalization* (2004) 124 Cal.App.4th 1471; and *Pitino-Capasso Fruit Co. v. Hillside Packing Co.* (1928) 90 Cal.App. 191.

### III.

By enacting section 663, the Legislature allowed litigants and other aggrieved parties to secure postjudgment relief in some circumstances and to raise certain issues that could not be raised in an appeal of the judgment. All our prior cases have interpreted the statute authorizing appeals from postjudgment orders to include appeals of rulings denying section 663 motions. A statutory appeal from a ruling denying a section 663 motion is indeed distinct from an appeal of a trial court judgment and is permissible without regard to whether the issues raised in the appeal from the denial of the section 663 motion overlap with issues that were or could have been raised in an appeal of the judgment. This approach is the most reasonable in light of the text, structure, and context of the relevant statutes, because the statute authorizing appeals from postjudgment motions provides for appeals from postjudgment orders without reference to the substance of the issues analyzed in an order. *Clemmer*'s unexplained departure from this view was mistaken.

The Court of Appeal's order dismissing the appeal of the section 663 motion is vacated and the matter is transferred back to that court. On remand, the Court of Appeal may choose to address aspects of Ryan's appeal that have not been addressed yet, including the argument that Ryan did not properly file a section 663 motion and the argument that Ryan's appeal of the section 663 order was untimely.

**CUÉLLAR, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**KRUGER, J.**

13

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Ryan v. Rosenfeld
_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding** XXX
**Review Granted**
**Rehearing Granted**

_____

**Opinion No.** S232582
**Date Filed:** June 15, 2017
_____

**Court:** Superior
**County:** San Francisco
**Judge:** Cynthia M. Lee

_____

**Counsel:**

Wilson, Elser, Moskowitz, Edelman & Dicker and Robert Cooper for Plaintiff and Appellant.

Jon B. Eisenberg, Margaret A. Grignon, Robin Meadow, Robert M. Gerstein, Dennis A. Fischer, Robin B. Johansen, Laurie J. Hepler, Michael G. Colantuono, Rex Heinke,; Degani Law Offices and Orly Degani for California Academy of Appellate Lawyers as Amicus Curiae on behalf of Plaintiff and Appellant.

FisherBroyles and Daniel L. Alexander for Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Robert Cooper
Wilson, Elser, Moskowitz, Edelman & Dicker
555 South Flower Street, 29th Floor
Los Angeles, CA  90071
(213) 443-5100

Daniel L. Alexander
FisherBroyles
5405 Wilshire Boulevard, Suite 257
Los Angeles, CA  90036
(213) 297-7301