Filed 4/17/25  Rocco v. Deloitte Consulting CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THOMAS ROCCO, | |
| Plaintiff and Appellant, | G063513 |
| v. | (Super. Ct. No. 30-2018-01011837) |
| DELOITTE CONSULTING LLP, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment and a postjudgment order of the Superior Court of Orange County, Kimberly A. Knill, Judge. Affirmed. Motion to Dismiss Appeal. Granted in part, denied in part. Motion to Augment the Record. Denied. Motion to File a Reply Appendix. Denied.

Thomas Rocco, in pro. per.

Hueston Hennigan, John C. Hueston, and Joseph A. Reiter, for Defendant and Respondent.

Thomas Rocco appeals from (1) a judgment of dismissal following an order granting Deloitte Consulting, LLP's (Deloitte's) motion for summary judgment, and (2) a postjudgment order denying his motion to vacate the judgment. As discussed below, we conclude his appeal of the judgment is untimely, but his appeal from the motion to vacate is timely. We further conclude Rocco failed to show the trial court erred in denying his motion to vacate. Accordingly, we affirm the postjudgment order denying his motion to vacate the judgment of dismissal in favor of Deloitte.

RELEVANT FACTS

On July 8, 2019, Rocco filed a Fourth Amended *Qui Tam* Complaint against Deloitte, alleging causes of action under the False Claims Act, Government Code section 12650 et seq.[1] Deloitte demurred to the complaint, and the trial court sustained the demurrer without leave to amend. After Rocco appealed, this court partially reversed, concluding Rocco adequately pleaded a single claim against Deloitte. (See *Rocco v. SAP America* (Sept. 8, 2021, G058937) [nonpub. opn.].)

Following remittitur, Rocco eventually filed a Sixth Amended *Qui Tam* Complaint. Deloitte then filed a Motion for Summary Judgment, which Rocco opposed. Following argument, the trial court granted Deloitte's summary judgment motion. It concluded the public disclosure bar precluded Rocco's *qui tam* claim against Deloitte, and that Rocco failed to show a triable issue of fact existed as to the element of falsity.

Judgment of dismissal in favor of Deloitte was entered on September 5, 2023. The next day, September 6, the superior clerk

---

[1] Rocco also asserted claims against SAP America, who is not a party to this appeal.

electronically served the judgment on the parties. On October 10, without assistance from his counsel, Rocco filed a motion to vacate the judgment under Code of Civil Procedure sections 663 and 473, subdivision (b),[2] or alternatively, for a new trial. Rocco argued the court should vacate the judgment under section 663 for legal error and under section 473, subdivision (b) on the basis of surprise because the judgment was "premature" given that Rocco was not allowed his "10 days to file his objections to the proposed judgment" as statutorily mandated by California Rules of Court, rule 3.1590(j).[3] He further argued the court should vacate the judgment under section 473, subdivision (b) for attorney error due to "[v]arious mistakes and oversights by counsel, including missed deadlines and failure to file required motions, petitions, and appeals."

On October 13, Rocco's attorney withdrew from representing him.

On October 20, the trial court denied the postjudgment motion. The court concluded that section 663 did not "provide grounds for relief from entry of judgment after grant of a motion for summary judgment." It also concluded that rule 3.1590 did not apply because the rule was expressly limited to a "trial of an issue of fact to the court," not to summary judgment motions. Finally, it concluded that Rocco had not demonstrated grounds for relief based on attorney error because he "fail[ed] to identify any specific failure by his counsel that caused the Court to enter summary judgment for [Deloitte]."

---

[2] All further section references are to the Code of Civil Procedure, unless stated otherwise.

[3] All further rule references are to the California Rules of Court, unless otherwise stated.

The superior court clerk electronically served the trial court's order denying Rocco's postjudgment motion on October 20. The clerk mailed Rocco a copy of the trial court's order on October 23. On December 22, Rocco filed a notice of appeal, indicating he was appealing from the trial court's judgment in favor of Deloitte and from the court's denial of his postjudgment motion. Deloitte then filed a motion to dismiss Rocco's appeal as untimely, which Rocco opposed.[4]

DISCUSSION

I.

MOTION TO DISMISS

*A. Underlying Judgment*

Rule 8.104(a)(1) provides in relevant parts that "[u]nless . . . rule[ ] 8.108 provide[s] otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled Notice of Entry of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment." Rule 8.108 "extend[s] the time to appeal otherwise proscribed in rule 8.104(a). . . . If the normal time to appeal stated in rule 8.104(a) is longer than the time provided in this rule, the time to appeal stated in rule 8.104(a) governs." (Rule 8.108(a).) "If any party serves and files a valid notice of intention to move for a new trial . . . [and] [¶] [i]f

---

[4] Rocco filed a Motion to Augment the Record and a Motion to File a Reply Appendix, which we deny because the appendices are not necessary to our disposition of the appeal.

4

the motion for a new trial is denied, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (A) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment." (Rule 8.108(b).)

"This time limit is jurisdictional: 'no court may extend the time to file a notice of appeal' (rule 8.104(b)), and relief cannot be conferred by stipulation, waiver, or estoppel [Citation.]. 'If a notice of appeal is filed late, the reviewing court must dismiss the appeal.' (Rule 8.104(b).)" (*Meinhardt v. City of Sunnyvale* (2024) 16 Cal.5th 643, 649.)

Here, Rocco did not file his notice of appeal from the judgment in favor of Deloitte until December 22, 2023. Under either rule 8.104(a) or rule 8.108, his notice of appeal is untimely. Under rule 8.104(b), Rocco had 60 days after service of a filed-endorsed copy of the judgment to file his notice of appeal. The judgment was served on all parties on September 6, 2023. Sixty days after September 6 is November 6. Rocco's notice of appeal from the judgment was late by over 45 days.

Under rule 8.108, assuming Rocco "serve[d] and file[d] a valid notice of intention to move for a new trial," Rocco had 30 days from service of the order denying his postjudgment motion to file his notice of appeal. Here, the clerk electronically served the order on October 20, and mailed the order on October 23. Because Rocco was unrepresented at the time and the record does not show he expressly consented to electronic service (see section 1010.6, subd. (g)(4) [providing that unrepresented parties are not subject to mandatory electronic service]), we conclude the mailing date is the applicable date of service. Thus, Rocco had until November 22, to file his notice of appeal from the underlying judgment. However, Rocco did not file his notice of

appeal until December 22. Accordingly, because his notice of appeal was filed late, we must dismiss the appeal of the underlying judgment.

In Rocco's opposition to Deloitte's motion to dismiss, he raised two contentions. First, he argued the judgment was premature because it was entered "before the 10-day opposition period finished, and without providing Rocco an opportunity to be heard." Rocco provided no legal authority that *entry* of judgment is subject to a due process requirement, where Rocco had an opportunity to be heard on the underlying summary judgment motion. Rocco also did not cite any legal authority for the 10-day opposition period. Thus, he has forfeited any argument on this issue. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)[5]

Second, Rocco argued the trial court acted in excess of its jurisdiction in considering the summary judgment motion because Deloitte served the notice of the motion 63 days before the hearing date, whereas the statute requires 75 days of notice. Rocco, however, stipulated to a shortened notice period for summary judgment motions. In sum, Rocco has not shown why he should be excused from the timeliness requirement to file his notice of appeal from the underlying judgment.

*B. Postjudgment Motion*

Unlike his appeal from the underlying judgment, Rocco's appeal of the order denying his postjudgment motion is timely, at least in part. The postjudgment motion for a new trial is not separately appealable. (See *Walker*

---

[5] If not forfeited and if the "10-day opposition period" is a reference to the 10-day objection period in rule 3.1590(j), as discussed below, we would conclude the rule does not apply under these circumstances.

6

*v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19 ["[I]t has long been settled that an order *denying* a motion for new trial is not independently appealable and may be reviewed only on appeal from the underlying judgment"].) The postjudgment motion to vacate the judgment under sections 663 and 473, subdivision (b), however, is separately appealable. (See, e.g., *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 134–135 ["The text and structure of § 904.1 show that the Legislature authorized appeals of all orders granting or denying § 663 motions"]; *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1265-1266 (*Burnete*) [""a motion to vacate such as under . . . section 473, . . . is regarded as a special order made after final judgment and is appealable under . . . section 904.1, subdivision (b) [see now 904.1, subd. (a)(2)]""].)

As noted, under rule 8.104(b), Rocco had 60 days from the service of the order denying his postjudgment motion to file his notice of appeal from the order. Because he was unrepresented at the time and did not expressly consent to electronic service, the triggering date was October 23. Rocco filed his notice of appeal on December 22, which is exactly 60 days later. Thus, his appeal of the order denying his postjudgment motion to vacate under section 663 and 473, subdivision (b) is timely.

II.

MOTION TO VACATE

Rocco moved to vacate the judgment of dismissal in favor of Deloitte on three grounds. First, he sought to vacate the judgment for legal error under section 663. A section 663 motion, however, cannot be brought to "vacate a summary judgment and remit an action for trial." (*Forman v. Knapp Press* (1985) 173 Cal.App.3d 200, 203.)

Second, Rocco argued the judgment was void because he was denied his 10-day period to submit objections to the proposed judgment under rule 3.1590. Rule 3.1590, however, is expressly limited to tentative decisions and statements of decision following a "trial of a question of fact by the court." (Rule 3.1590(a).) But a hearing on a summary judgment motion is not a court trial. Thus, rule 3.1590 is inapplicable.

Finally, Rocco contended the trial court should have vacated the judgment under section 473, subdivision (b) due to attorney error. As the trial court noted, however, Rocco failed to explain how the alleged attorney errors caused the court to rule against him on the summary judgment motion. The court granted summary judgment based on the public disclosure bar and the failure to show evidence of falsity. Rocco has not shown how "missed deadlines and failure to file required motions, petitions, and appeals" would have resulted in a different outcome. The court thus acted within its discretion to deny the motion to vacate. (See *Burnete, supra,* 148 Cal.App.4th at p. 1266 ["'It is clearly established that "[a] motion for relief under section 473 is addressed to the sound discretion of the trial court and an appellate court will not interfere unless there is a clear showing of an abuse"'"].)

## DISPOSITION

The motion to dismiss the appeal from the judgment and from the postjudgment motion for a new trial is granted. The motion to dismiss the appeal from the order denying the postjudgment motion to vacate is denied. The order denying the motion to vacate the judgment is affirmed. Deloitte shall recover its costs on appeal.


DELANEY, J.


WE CONCUR:


MOORE, ACTING P. J.


MOTOIKE, J.