Filed 2/9/26  Girn v. Barney CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAMANDEEP GIRN et al., Plaintiffs and Appellants, v. CARL BARNEY et al., Defendants and Respondents. | G064213 (Super. Ct. No. 30-2021-01221442) O P I N I O N |

Appeal from a judgment and postjudgment order of the Superior Court of Orange County, Erick L. Larsh, Judge. Dismissed.

Holmes, Athey, Cown & Mermelstein, Mark Mermelstein and Joel M. Athey for Plaintiffs and Appellants.

Jackson Lewis, James P. Carter, Jonathan P. Schmidt, Kelli M. Dreger and Dylan B. Carp for Defendants and Respondents.

\*          \*          \*

Plaintiffs Ramandeep Girn et al., are shareholders (shareholder plaintiffs) of LePort Educational Institute, Inc. (LEI). They filed derivative claims on LEI's behalf against defendants Carl Barney and other former members of LEI's board (Barney defendants). The trial court granted Barney defendants' motion for judgment on the pleadings (the MJOP) and entered judgment (the judgment) in their favor. Shareholder plaintiffs filed a purported motion to vacate the judgment (the motion to vacate) under Code of Civil Procedure section 663, which the court denied (the postjudgment order).[1] Shareholder plaintiffs then filed a notice of appeal of the judgment and the postjudgment order.

Barney defendants have moved to dismiss the appeal for lack of jurisdiction. First, they argue the appeal of the judgment was untimely filed. Second, they assert the motion to vacate was invalid under section 663, making the postjudgment order unappealable. We agree with these arguments and dismiss the appeal.

FACTS AND PROCEDURAL HISTORY

I.

LEI'S HISTORY

LEI was founded in 2000 by Dr. Peter LePort (Dr. LePort). It previously owned and operated several Montessori schools across the country but has sold all of its schools except for one.

Plaintiffs are LEI shareholders Ramandeep (Ray) Girn, Rebecca Girn, Kristina Biniek, and Guy Barnett (defined above as shareholder

---

[1] Further undesignated references are to the Code of Civil Procedure.

2

plaintiffs).[2] Ray, Rebecca, and Barnett are also former officers and employees of LEI. LEI terminated Ray's and Barnett's employment in February 2016. Rebecca left LEI shortly thereafter.

Barney defendants are Barney, Eric Juhlin, Lenny Esmond, and Rony Miller. Barney is an LEI investor and shareholder. In August 2016, he loaned LEI more than $17 million. In exchange, he obtained the right to serve on LEI's six-member board of directors (the board) and to appoint three of the five remaining director positions. The other three defendants are directors that Barney appointed to the board.

LEI suffered a series of financial setbacks, culminating in the sale of nearly all its assets to a third party in June 2018. After the sale, multiple lawsuits were filed involving Barney, the Girns, Dr. LePort, and other LEI shareholders and former employees.

II.

THE PRIOR ACTION

In early 2018, LEI purportedly assigned Barney all claims it had against certain former officers and employees, including Dr. LePort and the Girns.[3] Based on these assignments, Barney filed a lawsuit in July 2018 (the prior action), alleging breach of fiduciary duty claims against Lukas Pieter, LEI's former chief financial officer. After several amendments, he filed the third amended complaint in August 2021. This complaint was brought by Barney on behalf of himself and LEI against (1) Pieter, (2) Dr. LePort, (3) Dr.

---

[2] We refer to Ray and Rebecca individually by their first names to avoid confusion, and we refer to them collectively as the Girns.

[3] The validity of one of these assignments is at issue in the related appeal in the prior action, *Barney v. Girn, et al.*, case number G064412.

3

LePort's sister and son, who are LEI shareholders, (4) the Girns, and (5) Higher Ground Education, Inc., an LEI competitor that was allegedly owned and controlled by the Girns.

Several of the defendants in the prior action cross-complained against LEI. Pieter cross-complained against LEI for indemnity in August 2018. The Girns also cross-complained against Barney and LEI in February 2020. They later filed a first amended cross-complaint in March 2022 that added Juhlin, Esmond, and Miller as cross-defendants.[4]

III.

THIS LAWSUIT AND THE MJOP

Shareholder plaintiffs filed this lawsuit in September 2021, asserting derivative claims on LEI's behalf against Barney defendants. They filed an amended complaint in November 2021. Generally, the shareholder plaintiffs alleged that Barney defendants had used LEI's resources to enrich Barney at the expense of LEI. Based on these allegations, they asserted derivative claims for breach of fiduciary duty, unjust enrichment, and civil conspiracy.

Barney defendants filed the MJOP in response. They argued the shareholder plaintiffs' claims should have been brought as compulsory cross-claims in the prior action and were now barred under section 426.30, subdivision (a). This statute provides, "if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action

---

[4] The Girns amended their cross-complaint again after the filing of the MJOP, but these amendments are immaterial to the issues raised in this appeal.

4

assert against the plaintiff the related cause of action not pleaded." (§ 426.30, subd. (a).)

Shareholder plaintiffs disagreed with Barney defendants' interpretation of section 426.30, subdivision (a). They argued LEI was the true plaintiff in this lawsuit since only derivative claims had been asserted. And, as they read the statute, the compulsory cross-claim rule would only apply if the Barney defendants had asserted claims against LEI in the prior action. Since they had not, shareholder plaintiffs maintained the compulsory cross-claim rule did not apply.

The trial court rejected the shareholder plaintiffs' interpretation of section 426.30, subdivision (a), and granted the MJOP without leave to amend (the MJOP order). It concluded, "even if LEI was not directly sued by Carl Barney, the issues in this shareholder derivative action should have been asserted by LEI as a compulsory cross-complaint in the [prior action]. Therefore this action should be dismissed."

IV.

THE MOTION TO INTERVENE IN THE PRIOR ACTION

After the MJOP order, Biniek and Barnett filed a motion in the prior action to intervene as plaintiffs. The motion was denied by Judge Erick L. Larsh in May 2023. At the motion to intervene hearing, though, Biniek and Barnett noted that they could not bring their claims in this lawsuit because the MJOP order, made by another judge, found their claims were barred under the compulsory cross-claim rule. In response, Judge Larsh commented, "[i]t couldn't have been a compulsory cross-complaint. I agree with you on that, but that wasn't this court. And it is where we find ourselves at this point. I don't know that I would have dismissed the derivative lawsuit

5

as a result. For that, fairness, I'd love to put you in [the prior action], but I don't know that [the legal standard to intervene] is met."

## V.

### THE MOTION TO VACATE

After the MJOP hearing, this lawsuit was reassigned to Judge Larsh. Based on the MJOP order, Judge Larsh entered the judgment in Barney defendants favor on March 1, 2024. Barney defendants' provided notice of entry of the judgment on March 4, 2024.

On March 19, 2024, shareholder plaintiffs gave notice of their intent to move to set aside and vacate the judgment under section 663 (the notice). The notice asserted that the trial court had erred by dismissing the shareholder plaintiffs' claims under the compulsory cross-claim rule. In particular, the notice cited Judge Larsh's comments at the motion to intervene hearing in the prior action that their claims "could not have been 'compulsory cross-claims.'" Shareholder plaintiffs filed the motion to vacate 10 days later.

Judge Larsh denied the motion to vacate in the postjudgment order, repeating the MJOP order's analysis nearly verbatim.

On May 23, 2024, shareholder plaintiffs filed a notice of appeal of the judgment and the postjudgment order. On appeal, they argue that the trial court erred by finding their claims barred under section 426.30, subdivision (a). We do not reach the merits of their argument. Barney defendants have moved to dismiss the appeal for lack of jurisdiction. We agree the appeal must be dismissed.

# DISCUSSION

## I.

### APPEAL OF THE JUDGMENT

*A. Applicable Law*

Barney defendants claim shareholder plaintiffs untimely filed their appeal of the judgment. We agree.

A notice of appeal must be filed on or before the earliest of (1) 60 days after the superior court clerk serves the parties with notice of entry of judgment, (2) 60 days after a party serves a notice of entry of judgment, or (3) 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1)(A)– (C) (Rule 8.104(a)(1)).) This deadline can be extended if, within the prescribed time period to appeal, "any party serves and files a *valid* notice of intention to move–or a *valid* motion–to vacate the judgment." (Cal. Rules of Court, rule 8.108(c), italics added (Rule 8.108(c).) If a valid notice or motion is timely filed, the deadline to appeal is extended by the earliest of (1) 30 days after the court "clerk or a party serves an order denying the motion or a notice of entry of that order," (2) 90 days after the notice or motion is filed, or (3) 180 days after entry of judgment. (Rule 8.108(c)(1)–(3).)

"The time for appealing a judgment is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal." (*Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56.) This rule is strictly applied. "[T]he time for filing a notice of appeal cannot be extended, even for reasons of equity. "'In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune . . . .'"'" (*In re A.R.* (2021) 11 Cal.5th 234, 255, fn. 5.) If the appeal is untimely filed, "'"the

7

court has no discretion but must dismiss the appeal of its own motion even if no objection is made.""" (*Ibid.*)

*B. Analysis*

Since Barney defendants served notice of entry of judgment on March 4, 2024, the last day for shareholder plaintiffs to timely file their appeal of the judgment was May 3, 2024. (Rule 8.104(a)(1).) They did not file their notice of appeal until May 23, 2024, so their appeal was timely only if they filed a "valid" motion to vacate or a "valid" notice of such a motion. (Rule 8.108(c).)[5] Thus, our analysis focuses on whether the notice and motion to vacate were "valid" under section 663 so as to extend the plaintiff shareholders' time to appeal the judgment. (Rule 8.108(c)(1)–(3).) As we explain below, neither was valid.

As used in Rule 8.108(c), "the word 'valid' means only that the motion . . . or notice complies with all procedural requirements; it does not mean that the motion . . . or notice must also be substantively meritorious." (Advisory Com. com., rule 8.108; *Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047 (*Branner*).) To be "'valid,'" the motion to vacate must be "'based *on some recognized grounds for vacation*; it cannot be stretched to include any motion, regardless of the basis for it.'" (*Arega v. Bay Area Rapid Transit Dist.* (2022) 83 Cal.App.5th 308, 314, italics added; *Branner*, at p. 1048 ["A motion to vacate a judgment is not valid, within the meaning of rule 8.108(c), if it is not brought on a recognized ground for a motion to vacate"].)

---

[5] Shareholder plaintiffs acknowledge that "[w]ithout considering Rule of Court 8.108, the deadline to appeal [the judgment] would have been May 3, 2024."

## 1. Section 663 background

Here, the motion to vacate was brought under section 663. And shareholder plaintiffs do not argue that it was valid under another statute or some other nonstatutory ground. Thus, to be valid under Rule 8.108(c), the motion to vacate had to be based on some recognized ground for relief under section 663. (*Arega v. Bay Area Rapid Transit Dist.*, *supra*, 83 Cal.App.5th at p. 314; *Branner*, *supra*, 175 Cal.App.4th at p. 1048.)

Under section 663, "[a] judgment . . . , when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, *and another and different judgment entered*, for either of the following causes, materially affecting the substantial rights of the party and *entitling the party to a different judgment*: [¶] 1. Incorrect or erroneous legal basis for the decision, *not consistent with or not supported by the facts*; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected."[6] (Italics added.)

A section 663 motion to vacate has a distinct purpose. As this division has explained, "'section 663 empowers a trial court, on motion of "[a] party . . . entitl[ed] . . . to a different judgment" from that which has been entered, to vacate its judgment and enter "*another and different judgment*."'" (*Garibotti v. Hinkle* (2015) 243 Cal.App.4th 470, 476, italics added.) The statute "'is designed to enable speedy rectification of a judgment rendered upon erroneous application of the law to facts which have been found by the court or jury or which are otherwise uncontroverted.'" (*Ibid*.) A section 663

---

[6] Section 663 sets forth a second ground to bring a motion to vacate: "2. A judgment or decree not consistent with or not supported by the special verdict." (§ 663.) This ground does not apply here.

"'motion to vacate lies *only* where a "*different judgment*" is compelled by *the facts found*. [Citation.] A motion to vacate under section 663 may only be brought when "the trial judge draws an incorrect legal conclusion or renders an erroneous judgment upon the facts found by it to exist."'" (*Id.* at p. 477, italics added.)

   2. *Case law interpreting section 663*

   Given its distinct purpose, courts have held that a motion to vacate is procedurally improper under section 663 if it does not (1) request entry of a different judgment or (2) seek to vacate a judgment based on factual findings or uncontroverted evidence.

   For example, in *Forman v. Knapp Press* (1985) 173 Cal.App.3d 200 (*Forman*), the plaintiffs filed a motion under section 663 to vacate a judgment entered after summary judgment was granted in the defendants' favor. The trial court denied the postjudgment motion. The plaintiffs then appealed both the judgment and the postjudgment order denying their motion to vacate.

   The *Forman* court dismissed the appeal of the postjudgment order. (*Forman*, *supra*, 173 Cal.App.3d at p. 202.) It found the plaintiffs' "motion to vacate the judgment was not a true section 663 motion. Such a motion does not lie to vacate a summary judgment and remit an action for trial." (*Id.* at pp. 202–203.) Rather, a section 663 motion to vacate can only be used to request that the court "vacate its judgment and enter '*another and different judgment*.'" (*Ibid.*, italics added.) The plaintiffs' "motion to vacate was not within the category established by section 663, inasmuch as it essentially sought to have the summary judgment vacated and the action restored to the trial calendar." (*Id.* at p. 203.) The court determined the

10

plaintiffs' motion to vacate was akin to either "a motion for new trial or a nonstatutory motion to vacate," neither of which were appealable. (*Ibid.*)

Similarly, *Plaza Hollister Ltd. Partnership v. County of San Benito* (1999) 72 Cal.App.4th 1, held that section 663 could not be used to vacate a stipulated judgment because it was not based on factual findings or uncontroverted evidence. It explained that "section 663, by its own terms, applies only to a decision of the court based upon facts or to a special verdict of a jury." (*Id.* at p. 14.) Thus, section 663 only provides "'a remedy to be used when a trial court draws incorrect conclusions of law or renders an erroneous judgment on the basis of uncontroverted evidence.'" (*Ibid.*) "A stipulated judgment does not rest upon facts established by evidence. In the case of a stipulated judgment, it is impossible for a court to say that the judgment is not consistent with or not supported by the facts and it is impossible to substitute the correct judgment which is consistent with and supported by the facts." (*Ibid.*)

Finally, we find instructive *Payne v. Rader* (2008) 167 Cal.App.4th 1569 (*Payne*), disapproved of on another ground in *Ryan v. Rosenfeld* (2017) 3 Cal.5th 124 (*Ryan*). In *Payne*, the trial court sustained the defendants' demurrer without leave to amend. The plaintiff then moved to vacate the resulting judgment under section 663. (*Payne*, at pp. 1572–1573.) The trial court denied the motion to vacate on grounds it was procedurally improper. Specifically, it found that "'[a] judgment of dismissal entered after a demurrer has been sustained without leave to amend is not "within the category established by" [section] 663.'" (*Id.* at p. 1573.)

The plaintiff appealed both the judgment resulting from the sustained demurrer and the postjudgment order denying his motion to vacate. Like this case, the plaintiff's appeal of the judgment was untimely

11

unless his deadline to appeal was extended by his motion to vacate under Rule 8.108(c). (*Payne, supra*, 167 Cal.App.4th at pp. 1573–1574.) The appellate court found Rule 8.108(c) did not apply because the plaintiff had not filed a "'valid'" motion to vacate. Specifically, the plaintiff's motion to vacate was not "'based on some *recognized grounds* for vacation.'" (*Payne,* at p. 1574.) "[A] section 663 motion does *not* lie to vacate a judgment following an erroneous ruling on a demurrer" for two reasons. (*Ibid.*)

"First, a demurrer tests only the sufficiency of the pleadings. [Citation.] There [are] no 'conclusions of law' to be corrected from 'uncontroverted evidence.' Indeed, a ruling on a demurrer does not involve either admission of evidence or findings of fact." (*Payne, supra*, 167 Cal.App.4th at p. 1575.) "Second, section 663 only 'empowers a trial court, on motion of "[a] party . . . entitl[ed] . . . to a different judgment" from that which has been entered, to vacate its judgment *and enter "another and different judgment*.'" [Citation.] . . . [The plaintiff] was not asking the trial court to enter a different judgment. Instead, he was seeking to have the court vacate its prior ruling on a demurrer. The relief sought would not involve the entry of a different judgment but would merely allow [the plaintiff] to file further pleadings." (*Ibid.*)

*Payne* also held that the postjudgment order denying the plaintiff's motion to vacate was not an appealable order because it only involved "issues that could have been raised on appeal from the judgment . . . . To allow an appeal from the trial court's refusal to vacate its own ruling would, in effect, have given, [the plaintiff] two appeals from the same judgment." (*Payne, supra*, 167 Cal.App.4th 1569.) Our Supreme Court later

12

disapproved of this portion of *Payne*'s holding in *Ryan, supra*, 3 Cal.5th at page 135, footnote 4.[7]

However, contrary to shareholder plaintiffs' contention, *Ryan* did not address *Payne*'s holding concerning the invalid use of section 663 "to vacate a judgment following an erroneous ruling on a demurrer." (*Payne, supra*, 167 Cal.App.4th at p. 1574.) Indeed, in *Ryan*, the Supreme Court expressly declined to address the defendant's argument that the plaintiff's "motion to vacate was improper because the motion did not seek entry of a judgment different from the one that was entered." (*Ryan, supra*, 3 Cal.5th at p. 128, fn. 2.) We also note that this division recently cited *Payne* to conclude that a plaintiff's motion to vacate a judgment "was procedurally doomed due to [his] failure to request 'another and different judgment entered.' [Citing *Payne, supra*, 167 Cal.App.4th at p. 1575]." (*Cradduck v. Hilton Domestic Operating Co., Inc.* (2025) 112 Cal.App.5th 284, 306 (*Cradduck*).)

### 3. *The motion to vacate's validity*

Based on the above authority, the motion to vacate was not a valid motion under section 663.

First, like the demurrer in *Payne*, the judgment based on the MJOP order did not involve conclusions of law based on factual findings or uncontroverted evidence. "'The standard for granting a motion for judgment on the pleadings is essentially the same as that applicable to a general demurrer, that is, under the state of the pleadings, together with matters

---

[7] Specifically, our Supreme Court held that "[a] statutory appeal from a ruling denying a section 663 motion is indeed distinct from an appeal of a trial court judgment and is permissible without regard to whether the issues raised in the appeal from the denial of the section 663 motion overlap with issues that were or could have been raised in an appeal of the judgment." (*Ryan, supra*, 3 Cal.5th at p. 135.)

that may be judicially noticed, it appears that a party is entitled to judgment as a matter of law.'" (*Bezirdjian v. O'Reilly* (2010) 183 Cal.App.4th 316, 321–322.) "The trial court must accept as true all material facts properly pleaded, but does not consider conclusions of law or fact, opinions, speculation, or allegations contrary to law or facts that are judicially noticed." (*Stevenson Real Estate Services, Inc. v. CB Richard Ellis Real Estate Services, Inc.* (2006) 138 Cal.App.4th 1215, 1219–1220.)

Second, even if the MJOP's resolution involved factual findings – as shareholder plaintiffs contend – the motion to vacate did not seek entry of "another and different judgment." (§ 663; *Payne, supra,* 167 Cal.App.4th at p. 1575; *Cradduck, supra,* 112 Cal.App.5th at p. 306.) Instead, as in *Payne* and *Forman,* the motion to vacate asked the trial court to reinstate the lawsuit. The notice stated that shareholder plaintiffs intended to move "to set aside or vacate the erroneous Judgment and reinstate the above-captioned lawsuit." Likewise, the motion to vacate requested that "the judgment . . . be set aside and vacated, and the Derivative Lawsuit and its claims be reinstated."

Because the motion to vacate was not a valid motion under section 663, it did not extend shareholder plaintiffs' deadline to file their appeal of the judgment. (Rule 8.108(c); *Branner, supra,* 175 Cal.App.4th at p. 1048.) As such, they untimely filed this appeal, and we have no jurisdiction to consider it. (Rule 8.104(a)(1)(A)–(C); *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency, Inc., supra,* 15 Cal.4th at p. 56.)

In response, shareholder plaintiffs argue that Barney defendants have waived their argument that the motion to vacate was not valid by failing to raise it below. They cite case law stating, "'As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal; appealing parties must adhere to the theory (or theories) on which

14

their cases were tried. This rule is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal . . . .'" (*Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th 982, 997.)

However, Barney defendants raised the validity of the motion to vacate solely to determine appellate jurisdiction, and the above rule does not apply to jurisdictional arguments. "Because [jurisdiction] concerns the basic power of a court to act, the parties to a case cannot confer fundamental jurisdiction upon a court by waiver, estoppel, consent, or forfeiture. [Citation.] Defects in fundamental jurisdiction therefore 'may be raised at any point in a proceeding, including for the first time on appeal . . . .'" (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 807.)

Likewise, the deadline to file an appeal cannot be extended "for reasons of equity." (*In re A.R., supra,* 11 Cal.5th at p. 255, fn. 5.) Indeed, "a party's reliance on misinformation or misrepresentations by either the clerk or an opposing party is not sufficient to excuse the strict jurisdictional" time limits to file an appeal. (*Conservatorship of Townsend* (2014) 231 Cal.App.4th 691, 703.)

Here, shareholder plaintiffs filed the motion to vacate apparently hoping that Judge Larsh would reinstate this lawsuit by undoing the MJOP order's ruling that their claims were barred by the compulsory cross-claim rule. But, as set forth above, section 663 was not the proper procedural vehicle for this request. "'Were we to begin saving untimely appeals by allowing procedurally invalid posttrial motions to be deemed entirely different motions, we would be subverting the carefully drawn jurisdictional scheme. Such mischief is strictly forbidden. "In the absence of statutory authorization, neither the trial nor appellate courts may extend or shorten

15

the time for appeal [citation], even to relieve against mistake, inadvertence, accident, or misfortune . . . ."""[8] (*Conservatorship of Townsend*, *supra*, 231 Cal.App.4th at p.702.)

Next, shareholder plaintiffs seem to disregard the motion to vacate's substance and argue that the notice sets forth valid grounds for a section 663 motion. They quote a portion of the notice which appears to echo the language of section 663: "'The motion to set aside or vacate the Judgment . . . will be made upon the ground that the legal basis for the Court's judgment of dismissal without leave to amend was incorrect and made on an erroneous legal basis not consistent with or supported by the facts.'"

Even if we could focus on just the notice and ignore the motion to vacate's substance, this argument would still be unpersuasive.[9] The notice did not state that shareholder plaintiffs would seek to have "another and different judgment entered" as required by section 663. (§ 663; *Payne*, *supra*, 167 Cal.App.4th at p. 1575; *Cradduck*, *supra*, 112 Cal.App.5th at p. 306.) Rather, it specified that shareholder plaintiffs intended to move "to set aside or vacate the erroneous Judgment and reinstate the above-captioned lawsuit." Section 663 was not the proper vehicle for this relief. Thus, the

---

[8] Shareholder plaintiffs likewise claim that Barney defendants should have cross-appealed the postjudgment order if they wanted to argue that the motion to vacate was procedurally improper. But the postjudgment order was in Barney defendants' favor. "[O]nly a party who is aggrieved may appeal from a judgment or appealable order. [Citation.] A party is not 'aggrieved' by a judgment or order rendered in his or her favor." (*Jones & Matson v. Hall* (2007) 155 Cal.App.4th 1596, 1611.)

[9] Shareholder plaintiffs have not cited any authority stating that we can focus solely on the notice and ignore the motion to vacate's substance. Case law suggests this would be improper. (*Hudson v. Superior Court* (2017) 7 Cal.App.5th 999, 1011 ["'The law respects form less than substance'"].) We need not decide this issue since it would not affect our ruling.

notice did not set forth a valid section 663 motion to vacate. (*Payne, supra,* 167 Cal.App.4th at p. 1575; *Cradduck, supra,* 112 Cal.App.5th at p. 306.)

## II.

### APPEAL OF THE POSTJUDGMENT ORDER

Barney defendants contend the postjudgment order is unappealable. We agree.

As set forth above, the motion to vacate was not a valid section 663 motion, and shareholder plaintiffs have not argued it was valid under another statute. Nor have they identified any nonstatutory grounds for the motion to vacate. Thus, we conclude it was an improper nonstatutory motion to vacate.

Generally, orders denying nonstatutory motions to vacate are not appealable because "an appeal from the judgment affords review of all contentions that could have been considered upon the . . . separate appeal" of the motion to vacate. (*Forman, supra,* 173 Cal.App.3d at p. 203.) "[A]n exception applies when the appellant alleges that the underlying order or judgment is void." (*Doe v. Regents of University of California* (2022) 80 Cal.App.5th 282, 292.) Shareholder plaintiffs have not claimed the judgment is void. Rather, they argue it must be reversed because it is based on a misinterpretation of section 426.30, subdivision (a). Since the aforementioned exception does not apply, the postjudgment order is not appealable. As such, we dismiss shareholder plaintiffs' appeal of the postjudgment order. (See, e.g., *Forman, supra,* 173 Cal.App.3d at p. 203 [dismissing appeal of a postjudgment order denying a nonstatutory motion to vacate].)

Besides, even if we could consider this portion of the appeal, we would affirm the postjudgment order. The motion to vacate was brought under section 663. It was not a valid motion under this statute for the

17

reasons stated above. Thus, it was correctly denied.[10] (See *Wentworth v. Regents of University of California* (2024) 105 Cal.App.5th 580, 597 [the appellate court is not bound by the trial court's reasoning and may affirm on any ground supported by the record].)

DISPOSITION

The appeal of the judgment and postjudgment order is dismissed. Barney defendants are entitled to their costs on appeal.

MOORE, ACTING P. J.

WE CONCUR:

GOODING, J.

SCOTT, J.

---

[10] Because we dismiss the appeal, Barney defendants' request for judicial notice is moot.